Krall vs. Lull.

KRALL VS. LULL.

SUPREME COURT. *(1) How long this court retains jurisdiction of appeal. (2) Replacing appeal on calender after affirmance under the rule.*

1. This court retains jurisdiction of an appeal during the time limited by the statute (R. S., sec. 3071) during which the record remains here after judgment rendered here, even though the term of judgment has expired.

2. After an affirmance under the rule, for nonappearance of the appellant, a motion made within the sixty days to replace the appeal on the calendar, is granted on terms (as being in the nature of a motion for a rehearing, *Bonin v. Railway Co.*, 43 Wis., 210), on its being shown that the failure to appear arose from a misunderstanding between the counsel of the respective parties.

APPEAL from the Circuit Court for *Winnebago* County.

*C. D. Cleveland,* for the motion.

*S. U. Pinney, contra.*

RYAN, C. J.  This appeal, being on the calendar of last term, was affirmed under the rule, for nonappearance of the appellant.

The appellant makes this motion at this term, within sixty days after the affirmance (R. S., § 3071), in the nature of a motion for a rehearing (*Bonin v. Railway Co.*, 43 Wis., 210), to reinstate the appeal.

The failure of the appellant to prepare for the hearing of the appeal was manifestly owing to a misunderstanding between the counsel of the respective parties.  And the appellant ought to be relieved on terms, if he can be.

The question is, whether the statute authorizing the record to be retained here for sixty days, continues the jurisdiction of the court over the appeal after the term of judgment.  This precise question has never been decided.

Without the statute, the jurisdiction of the court over the appeal would undoubtedly expire with the term of judgment. But the manifest object of the statute is to preserve the jur-

isdiction of the court for the time limited, whether or not the term of judgment expire within it. The mere fact that the record remains here would not continue jurisdiction over it. But while it remains here under and by force of the statute, it remains subject to the jurisdiction of the court. *Pringle v. Dunn*, 39 Wis., 435.

*By the Court.* — The motion is granted on terms.