Patten Paper Co. (Limited) vs. Green Bay & Mississippi Canal Co.

PATTEN PAPER COMPANY (LIMITED) and others, Respondents,
    vs. GREEN BAY & MISSISSIPPI CANAL COMPANY, imp., Ap-
    pellant.

*January 10 — May 6, 1896.*

(1, 2) *Appeal: Practice: Judgment in accordance with mandate on former
    appeal:* Res adjudicata.  (3) *Riparian rights.*  (4) *Rehearing: Ju-
    risdiction.*

1. Where this court, on reversing a judgment, remands the cause
   " with direction to enter judgment in accordance with the opin-
   ion," and that opinion leaves nothing undetermined, the trial court
   should merely enter the judgment as directed, and should not
   allow any amendment to the pleadings or new litigation in the case.
2. An appeal from a judgment entered in substantial accordance with
   the mandate of this court on a former appeal will be dismissed.
3. The right of the Green Bay & Mississippi Canal Company to draw
   water through the canal at Kaukauna as riparian proprietor was
   considered on the former appeal in this case (*Green Bay & M. C.
   Co. v. Kaukauna W. P. Co.* 90 Wis. 370), and the judgment of the
   trial court now appealed from is *held* to be in substantial compli-
   ance with the mandate of this court on that appeal.
4. Although a motion to vacate an order dismissing an appeal, if in
   the nature of a motion for a rehearing, is irregular unless made

within thirty days after the decision, yet where the motion is made within the sixty days limited by sec. 3071, R. S., for remitting the record, this court still has jurisdiction over the case, especially where the record has been retained by direction of the court for the purposes of the motion.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Appeal dismissed.*

The portions of the judgment material on this appeal are as follows:

"*First.* Upon motion of Hooper & Hooper, plaintiff's attorneys, it is considered, adjudged, and decreed, as in favor of the *Patten Paper Company (Limited), Union Pulp Company* and *Fox River Pulp and Paper Company* against all the defendants, that all of the water of the river, except that required for purposes of navigation, shall be and is hereby divided and apportioned between and to the south, middle, and north channels of the river in the following proportions, that is to say: $\frac{43}{200}$ thereof of right should flow down the south channel, $\frac{157}{200}$ thereof should of right flow down the main channel of the river, north of Island No. 4, and that of the water so of right flowing down the main channel of the river, north of Island No. 4 and above the middle channel, $\frac{62}{157}$ thereof should of right flow down the middle channel and south of Island No. 3, and that of the water flowing down the north channel, north of Island No. 4 and above Island No. 3, $\frac{95}{157}$ part should of right flow down the north channel and north of Island No. 3, and each of the parties to this action, their heirs, successors, and assigns are forever enjoined from interfering with the waters of said river so as to prevent their flowing into said channels in the proportions aforesaid.

"*Second.* Upon motion of Messrs. Fish & Cary, attorneys for the said appellants, *Kaukauna Water Power Company* and others, and David S. Ordway, attorney for said appellants, *Henry Hewitt, Jr.,* and *William P. Hewitt,* it is

considered and adjudged, upon the issues joined by the cross-complaint of the defendant *Green Bay & Mississippi Canal Company,* and the several answers made thereto by the other parties to this action, defendants in said cross-complaint, that the water power which was created incidentally by the erection of said dam at Kaukauna is due to the gravity of the water as it falls from the crest to the foot of the dam proper, across said river, and not to the use of the water of said river through said canal, and that neither said state of Wisconsin nor said *Green Bay & Mississippi Canal Company,* as assignee of said state, ever acquired or owned any water power upon said river at Kaukauna by reason of, or as incidental to, the construction and use of said canal for navigation.

"*Third.* And it is further adjudged by the court, that said *Green Bay & Mississippi Canal Company,* its successors and assigns, shall so use the water power, if at all, created by said dam, as that all the water used for water power or hydraulic purposes shall be returned to the stream in such a manner and at such place as not to deprive the appellants, or those claiming under or through them, of its use as it had been accustomed to flow past their banks, and that it shall flow past the lands of said appellants on said river, and in the several channels of said river below said dam, as it was accustomed to flow, and that said appellants have the right to use the water of said river, except such as is or may be necessary for navigation, as it was wont to run in a state of nature, without material alteration or diminution.

"*Fourth.* And it is further adjudged that the relief demanded in said cross-complaint be denied except as hereinbefore adjudged."

The *Green Bay & Mississippi Canal Company* "appeals from the paragraphs of said judgment numbered 'First,' 'Second,' and 'Third,' and from each of such paragraphs, and from each and every part of each of such paragraphs num-

bered 'First,' 'Second,' and 'Third,' and especially from such
parts of such paragraphs, if any, as require the *Green Bay &
Mississippi Canal Company* to turn the water appurtenant
to the north bank or side of the river into the river at the
foot of the dam, or as enjoins the said company from draw-
ing so much or any part of the water of the pond appur-
tenant to the said north bank or side into the canal leading
therefrom, or as requires said company to permit so much
of the water of the river as is appurtenant to the north bank
to be returned to the river in such manner and at such place
as not to deprive the appellants hereinbefore mentioned
[*i. e.* the appellants from the previous judgment, which was
reversed in 90 Wis. 370], or those claiming under them or
through them, of its use as it has been accustomed to flow past
their banks, and so that it shall flow past the lands of the ap-
pellants (in the appeals from the first judgment aforesaid)
and in the several channels of said river below said dam as it
was accustomed to flow, and so that said appellants (in the
appeals from the first judgment aforesaid) shall have the
right to use the water of said river (except such as is or may
be necessary for navigation) as it was wont to run in a state
of nature, without material alteration or diminution;" also
"from so much of the paragraph numbered 'Fourth' in said
judgment as is embraced in the words 'except as hereinbe-
fore adjudged,' the contention being that the exception
should not be of the adjudications embraced in paragraphs
'First,' 'Second,' and 'Third' as they now stand in the judg-
ment, but should be of such matters as they shall be finally
adjudged after review in the supreme court."

The respondents moved to dismiss the appeal.

In support of the motion there were separate briefs by
*Hooper & Hooper*, attorneys for the *Patten Paper Company;*
*Geo. G. Greene*, counsel for the *Patten Paper Company;*
*Fish & Cary*, attorneys for the *Kaukauna Water Power
Company* and others; and *David S. Ordway*, attorney for

the *Hewitts* and of counsel for the *Kaukauna Water Power Company;* and the cause was argued orally by *John T. Fish, Moses Hooper, Mr. Ordway,* and *Mr. Greene.*

*B. J. Stevens* and *E. Mariner, contra.*

The following opinion was filed March 10, 1896:

CASSODAY, C. J.   This case was here upon former appeals. 90 Wis. 370.   Those appeals were by three of the defendants in the cross bill filed by the canal company from so much and such part of the judgment of the trial court as sustained the paramount right of the canal company to all the water power created by the government dam at Kaukauna, and the exclusive right to use, or authorize others to use, the same wherever it might be available for water power, and to return the water to the river wherever it should see fit; but the balance of that judgment, relating, as it did, to the partition of the water power between the several riparian owners below the dam, had been entered by agreement and stipulation between such riparian owners, including the canal company, and from those portions of the judgment there had been no appeal, and hence the same were never before this court for consideration.   The portion of the judgment thus appealed from was thoroughly argued by able counsel on all sides, and then, after careful consideration and decision, was again reargued and again decided, with the following mandate: "The judgment of the superior court of Milwaukee county is reversed, upon each of the three appeals, *as to those parts* of the judgment which were appealed from, *and the cause is remanded with direction to enter judgment in accordance with the opinion.*" 90 Wis. 404.

Upon the *remittiturs* being filed, the canal company asked leave of the trial court to amend its cross bill in certain respects, or to allege the same facts by way of defense and counterclaim to the original complaint for the partition of

Patten Paper Co. (Limited) vs. Green Bay & Mississippi Canal Co.

the water power below the dam.   The trial court held that
no such amendment was allowable at that stage of the case.
Thereupon, and September 27, 1895, the trial court entered
final judgment in pursuance of the mandate of this court.
The canal company has, in effect, appealed from the parts
of that judgment upon the issues formed in the original ac-
tion in favor of the plaintiffs therein and against the defend-
ants therein, and also that part of the judgment upon the
issues in the cross action in favor of the defendants therein
who appealed to this court, and also the first, second, and
third subdivisions thereof, and especially from such parts of
the judgment, if any, as require the canal company to return
the water in excess of that required for navigation from the
canal to the river, either at the dam or in such place and in
such manner as not to deprive the respondents herein, and
those claiming under or through them, of its use as it had
been accustomed to flow past their banks.   The respondents
now move to dismiss the appeal, on the ground that the
judgment entered is in exact accordance with the mandate
of this court.

Counsel for the appellant contend that the judgment is
not in exact accordance with the two opinions of this court,
and hence not in exact accordance with the mandate.   We
perceive no inconsistency in the two opinions; but, if there
is any, the one on the motions for reargument, being last,
would prevail.   Mr. Justice NEWMAN wrote both opinions,
and in the last he construed the first, and, in effect, said:
"This court held that the *Green Bay & Mississippi Canal
Company* owned all the water power which was created by
the construction and operation of the government dam at
Kaukauna; that it had the right to use all the water of the
stream, not used for the purposes of navigation, for the pur-
poses of power, wherever it could or chose, so far as it could
do so without impairing the just rights of other owners of
water powers upon the stream; that it was due to other

owners of water powers below the dam that the water, after being used by it, should be returned to the stream at such place and in such manner as that it shall flow past the banks of such lower owners in its accustomed channels and as it was accustomed aforetime to flow. *The limit to its right is at the point where it infringes upon the rights of others.* It concedes to it all the rights which the state had or could acquire as against such lower owners. The place where it may use the water for power is restricted only by its duty to refrain from injuring others. The court is satisfied of the correctness and justice of its judgment." 90 Wis. 403. This is the very gist of both the opinions and the decision. It is substantially embraced in the judgment before us. It seems to be as definite and certain as language can make it, without fixing the limit by survey and metes and bounds. Certainly, we did something more than determine that the canal company was not entitled to the whole water of the river as contended by counsel. So it is very obvious that counsel is in error in claiming that the right of the " canal company to draw water through the canal as riparian proprietor" had not been considered by this court. This court had no power upon the former appeal, and has no power now, to leave open and undecided matters which were determined in the portions of the first judgment not appealed from. It would be an idle provision to insert in the judgment that the cross bill was dismissed without prejudice as to questions not determined by the trial court or this court in the judgment before us on the former appeal; and it would have been improper to insert therein that the judgment was without prejudice as to questions determined in the first judgment and not appealed from or determined by this court on such appeal. After careful consideration, we are constrained to hold that the judgment entered is a substantial compliance with the mandate of this court. Certainly, it would have been improper to allow any amendment

to pleadings or new litigation. The mandate was not for a new trial, nor for further proceedings according to law, but "with direction to enter judgment in accordance with the opinion," and the opinion left nothing undetermined. This left nothing for the trial court to do in the case except to enter judgment therein as directed. R. S. sec. 3071; *Mowry v. First Nat. Bank*, 66 Wis. 539; *Jones v. Jones*, 71 Wis. 513; *Whitney v. Traynor*, 76 Wis. 628; *Chouteau v. Allen*, 74 Mo. 56; *Stump v. Hornback*, 109 Mo. 277; *Young v. Thrasher*, 123 Mo. 308. This, we think, it has done.

Such being the record, the question recurs whether this appeal should be entertained or dismissed. We are clearly of the opinion that a judgment entered, as this was, in substantial accordance with the mandate of this court, is, in legal effect, the judgment of this court. It is just as effectually *res adjudicata* as in a case where the judgment is affirmed. *Reed v. Jones*, 8 Wis. 421. In such a case, this court has held that the proper practice is to dismiss the appeal. *Kluender v. Fenske*, 59 Wis. 35. We must hold that an appeal from a judgment entered in substantial accordance with the mandate of this court upon a previous appeal must, upon motion of the respondent, be dismissed. *Stewart v. Salamon*, 97 U. S. 361; *Humphrey v. Baker*, 103 U. S. 736; *Mackall v. Richards*, 116 U. S. 45; *Texas & P. R. Co. v. Anderson*, 149 U. S. 237; *Aspen M. & S. Co. v. Billings*, 150 U. S. 31. It has been held, in the supreme court of the United States, that compliance with a mandate of that court, which left nothing to the judgment or discretion of the trial court, might be enforced by *mandamus*. *City Bank v. Hunter*, 152 U. S. 512.

*By the Court.*— The appeal from the judgment of the superior court of Milwaukee county is dismissed.

On May 1, 1896, the appellant moved to vacate the order of March 10, dismissing the appeal.

*B. J. Stevens* and *E. Mariner*, in support of the motion.

In opposition to the motion there were briefs by *Hooper & Hooper*, *David S. Ordway*, and *Fish & Cary*, and oral argument by *Moses Hooper*.

The motion was denied May 6, 1896, and the following opinion was filed:

CASSODAY, C. J.    The motion to dismiss the appeal in this case was granted March 10, 1896.    This is a motion to vacate that order and to reinstate the appeal.    It is true, the motion was not made until more than thirty days after the decision dismissing the appeal, but it is claimed that in making that decision this court did not fully consider the status of the case, in respect to the rights of the appellant, and hence that this is a motion to correct a mistake in the record of this court, within the meaning of Rule XXI.    The motion is in the nature of a motion for a rehearing, and, as such, should have been made within thirty days after the decision. Rule XX.    By the statute, as originally enacted, the clerk of this court was required to remit the record to the court below within *thirty* days after the decision, unless the court directed the same to be retained for the purpose of enabling a party to move for a rehearing.    Laws of 1860, ch. 264, sec. 7; 2 Tay. Stats. ch. 139, sec. 7.    By the revision of 1878 the thirty days were changed to sixty days.    R. S. sec. 3071. While the motion is irregular and might be denied on that ground, yet, under the statute as it now stands, we have no doubt that this court has retained jurisdiction over the case,— especially as the papers in the case have been retained, by the direction of the court, for the purposes of this motion. *Krall v. Lull*, 46 Wis. 643.

The case is important and should, if possible, be decided on the merits, and we feel it to be our duty to so decide it. Counsel for the appellant seems to be correct in claiming that, in deciding the motion to dismiss the appeal, we over-

Patten Paper Co. (Limited) vs. Green Bay & Mississippi Canal Co.

looked the fact that the complaint for the partition of the
water in the river below the dam, and above the head of the
islands, mentioned, admitted that the canal company was
then drawing one half the flow of the river from the dam
in and through its canal to a point below the head of island
No. 3, and there used, or leased to others to be used, as
water power while passing from the canal down into one
or more of the channels below the dam, and that the prayer
of the complaint asked no restraint of such drawing and use
by the canal company, but simply asked an injunction
against the *Kaukauna Water Power Company* and that the
court should determine and adjudge what share or propor-
tion of the entire natural flow of the river was appurtenant
to, and of right should be permitted to flow in, the south,
middle, and north channels of the river, respectively.   The
purpose of the action was not to contest conflicting claims
to water above the dam, nor such as flowed in the canal, but
to partition the water which might flow in the river below
the dam, between the several owners thereof, as prescribed
by the statutes.   Laws of 1881, ch. 203; S. & B. Ann. Stats.
secs. 3149–3152.   See, also, Id. secs. 3101–3148.   The canal
company, being a riparian owner on islands numbered 3 and
4, mentioned, was a proper and necessary party to such par-
tition suit.   *Ibid.*   As such defendant, it filed its cross bill
therein, and thereby claimed, not only the paramount right
to all the water in the river for the purposes of navigation,
and the surplus water power incidental to the improvement,
but also claimed the right to draw all such surplus water
through the canal to any point below where it might desire,
and there to use the same, or lease the same to others to be
used, as water power.   The other parties to the action, con-
ceding that the canal company had such paramount right
for the purposes of navigation, and the paramount right to
all the surplus water power incidental to the improvement,
to be used at the dam, or so near the dam as not to impair

their just rights as riparian owners on the islands below the dam, yet denied the right of the canal company to use the canal as a mere head race to convey such surplus water to a point below or opposite the islands mentioned and there create a water power by emptying the same into the river. The determination of the issues thus joined made it the duty of the trial court and of this court to determine where, or about where, such surplus water power as was merely incidental to the construction of the dam might be used or returned to the river below the dam. With the determination so made we are entirely satisfied. 90 Wis. 370. The canal company obtained its right to such surplus water power merely because it was and is incidental to the improvement. *Green Bay & M. C. Co. v. Kaukauna W. P. Co.* 70 Wis. 635; *S. C.* affirmed on writ of error, 142 U. S. 254. See, also, *Attorney General v. Eau Claire,* 37 Wis. 400, and *State v. Eau Claire,* 40 Wis. 533; *Bell v. Platteville,* 71 Wis. 139. To hold as contended by the canal company would, to a certain extent at least, make the right of navigation incidental to the creation of the water power, instead of the water power being incidental to the improvement of the river for navigation.

*By the Court.*— For the reasons given, the motion to vacate the order dismissing the appeal and to reinstate the same is denied, with $10 costs and clerk's fees.