FLANNER COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*April 6—May 3, 1927.*

*Workmen's compensation: Payment of award in gross: Discretion of commission.*

1. Although the dominant scheme for compensation under the workmen's compensation act is weekly payments corresponding to the weekly earnings of the injured employee, sub. (5) (1), sec. 102.09, Stats., vests the industrial commission with absolute discretion to order payment in gross at any time after six months from the date of the injury, where the best interests of the employee will be promoted thereby. p. 48.

Flanner Co. v. Industrial Comm. 193 Wis. 46.

2. Under said sub. (5) (1), requiring the commission to fix such gross amount at the present worth of partial payments at three per cent. interest per annum, it is immaterial, so far as the employer and the insurance carrier are concerned, whether the compensation be paid in weekly payments or in a lump sum, their concern·being only with the amount of compensation. p. 48.

APPEAL from a judgment of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge. *Affirmed.*

This action· was brought in the circuit court for Dane county to review an award of the *Industrial Commission.* From a judgment dismissing the action the plaintiff appeals.

For the appellants there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur B. Doe,* of counsel, all of Milwaukee, and oral argument by *Mr. Doe.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general; and the cause was argued orally by *Mr. Levitan* and by *Mr. G. F. Clifford* of Green Bay, attorney for the respondent *Tell.*

OWEN, J. On the 20th day of August, 1925, the *Industrial Commission* made an award in favor of *Axel Tell* against the plaintiffs *Flanner Company* and its insurance carrier, *Employers Mutual Liability Insurance Company,* in the sum of $3,503.77, to be paid in weekly payments of $20.24. On the 9th day of January, 1926, the *Industrial Commission* made an order requiring the *Flanner Company* and the *Employers Mutual Liability Insurance Company* to pay said *Axel Tell* the sum of $2,783.29 in full release of all liability. This order was made upon the application of said *Axel Tell.* The *Commission* recites in the order that said payment "is advisable and to the best interest of the applicant." The order was made without giving any notice to the plaintiffs or any opportunity to be heard thereon. Plaintiffs claim that in making this order the *Industrial Commission* acted in excess of its powers. This contention

is based on the fact that the plaintiffs were given no notice of a hearing upon the application of the claimant before the *Commission* and that they had no opportunity to be heard thereon.

The dominant scheme for compensation provided by the workmen's compensation act is based upon weekly payments to correspond to the weekly earnings of the injured employee, to be computed in the manner prescribed in the act. Sec. 102.09, sub. (5) (1), Stats., provides:

"Any time after six months have elapsed from the date of the injury, the commission may order payment in gross or in such manner as it may determine to the best interest of the parties. When payment in gross is ordered, the commission shall fix the gross amount to be paid based on the present worth of partial payments, considering interest at three per cent. per annum."

We consider that this provision vests the *Industrial Commission* with absolute discretion to order payment in gross at any time after six months from the date of the injury. The dominant purpose of this provision is to enable the *Industrial Commission* to promote the best interests of the injured employee. The legislature assumed that, as a general proposition, that interest will be best subserved by providing for weekly payments in lieu of the usual weekly earnings. In cases, however, where it appears that the best interests of the employee will be promoted by ordering payment in a lump sum, the *Commission* may in its discretion order such payment. Such payment, however, is to be "the present worth of partial payments, considering interest at three per cent. per annum." It is apparently assumed that this constitutes an equivalent, so far as the employer or insurance carrier is concerned, for the amount of the weekly payments which has been fixed pursuant to a hearing by the *Commission*. This is a matter in which neither the employer nor insurance carrier has any interest. Their concern is only with the amount of the compensation to be paid.

When that is ascertained, the law assumes that it is immaterial to them whether it be paid in weekly payments or whether it be discounted and paid in a lump sum.

We have been cited to decisions from other states in which a contrary conclusion has been reached. However, as such decisions have been based upon statutes unlike ours, they are not at all helpful. The trial court was right in dismissing the action, and the judgment should be affirmed.

*By the Court.*—So ordered. Respondent *Tell* to recover costs.