State ex rel. Guse, Petitioner, vs. Agnew, Acting County Judge, Defendant.

*February 8—March 5, 1929.*

402

For the petitioner there was a brief by *McGovern, Lyons, Curtis, Devos & Reiss* of Milwaukee, and oral argument by *F. E. McGovern.*

For the defendant the cause was submitted on the brief of *Skinner & Thauer* of Watertown and *Clark & Lueck* of Beaver Dam.

ROSENBERRY, J. In order to solve the questions presented by the demurrer to the return it is necessary for us to consider the nature of the issues involved in the action of *Guse v. Flohr,* reported in 195 Wis. 139, 217 N. W. 730, 221 N. W. 110. That was an action brought by the plaintiff Guse to require the defendants to "desist and refrain from

further construction upon and interference with said way and to absolutely desist and refrain from interfering with the construction and erection by the plaintiff of a fence along the south line of said way, and for such other order, judgment, or relief as may be just and equitable."

In the answer to the amended complaint the defendant set up many matters not within the issues in the action. The only issue in the action was whether or not the plaintiff had a right to be free from interference by the defendants in the construction and maintenance of a fence along the south line of the right of way over which the defendant had the undisputed right to pass. Among other things the defendants set up title to the way on the ground of adverse user. Their claim in this respect was denied. They alleged that, contrary to the terms of the instrument creating the way,

408

Guse and his predecessors had never maintained the fence and that the same had always been maintained by the Flohrs, and that therefore the plaintiff had lost his rights in that respect, but their contention was overruled. At no place in the proceeding was the question of the title to the land south of the south line of the way as maintained and originally laid out in any way drawn in question, and we say here as we said in the memorandum attached to the original opinion, that the south boundary of the way is the boundary line upon which the plaintiff Guse has the right to maintain a fence. The title to the lands lying south of this south line was not in any way drawn in question and cannot be adjudicated in this action. If the south line of the way as it was actually maintained for more than fifty years is not the line of the Morse survey, erroneously designated the Allen survey in the

memorandum filed, then the south line of the way as established and maintained controls. It was the location of that boundary line which was sought to be adjudicated and was adjudicated, and upon that line plaintiff has the right to maintain his fence and not elsewhere. Nor were the rights of the defendants with respect to ingress and egress of said way in any manner drawn in question or litigated upon the trial, and it is beyond the power and jurisdiction of the trial court to determine issues not properly before it.

The judgment known as Exhibit B should be reinstated with the exception that paragraphs 5 and 7 thereof should be amended so as to read as follows:

"5. That plaintiff, Theodore Guse, as owner of the northeast quarter of the southwest quarter of said section twenty-two, has the right to maintain, without interference on the

part of said defendants, or any of them, a fence on and along the south boundary of said way as the same has been heretofore established and maintained.

"7. That the defendants, Frank Flohr, Louis Flohr, Hermine Flohr, and Charles Flohr, their attorneys, agents, and servants, and each of them, be and they hereby are perpetually enjoined and restrained from in any way or manner interfering with the construction and maintenance by the plaintiff, Theodore Guse, of a fence upon and along the south line of said way as the same has been maintained prior to this time; and that they and each of them are further perpetually enjoined and restrained from in any way or manner attempting to locate or maintain said right of way except as above described."

The judgment known as Exhibit F should be wholly vacated and set aside.

*By the Court.*—Let a writ of *mandamus* issue accordingly.