FALK and others, Executors, Respondents, vs. WISCONSIN TAX COMMISSION and others, Appellants.

*February 11—May 12, 1931.*

*Leo Mann* (*Lines, Spooner & Quarles*) of Milwaukee for the motion.

*A. L. Hougen* of Manitowoc, special counsel, in opposition.

The following opinion was filed March 10, 1931:

FRITZ, J. The judgment of September 6, 1930, was entered subsequent to the following mandate of this court on a former appeal in this case, to wit: "Judgment reversed, and cause remanded with instructions to enter judgment vacating the assessment." 201 Wis. 292, 230 N. W. 64.

That mandate reversed a judgment of the circuit court which affirmed an additional assessment for income taxation on an item of $39,408.96, imposed by the county assessor of incomes, as modified and affirmed by the county

income tax board of review and the Wisconsin Tax Commission. That reversal affected merely the additional assessment for that item of $39,408.96.

However, the circuit court's judgment of September 6, 1930, provides:

". . . that the judgment heretofore entered by this court in this action and dated the 9th day of October, 1929, be and the same hereby is reversed and that the assessment of income tax upon income for the year 1924 against Charles F. Pfister and/or against the executors of the last will and testament of Charles F. Pfister, deceased, be and the same hereby is vacated."

In so far as that last judgment does not conform to the mandate in that its scope extends to the vacation of the entire assessment of all of the 1924 income, instead of being limited to merely the additional assessment for the $39,408.96 item, which was all that was involved on the former appeal, the defendants' remedy, if aggrieved by the circuit court's judgment and order, is by *mandamus* (*State ex rel. Guse v. Agnew*, 198 Wis. 401, 224 N. W. 110; *Patten Paper Co. v. Green Bay & M. C. Co.* 93 Wis. 283, 290, 66 N. W. 601, 67 N. W. 432, citing *City Nat. Bank v. Hunter*, 152 U. S. 512, 14 Sup. Ct. 675), and not by an appeal from the judgment erroneously entered. Under the circumstances, the proper practice is to dismiss the appeal. *Baines v. Janesville*, 103 Wis. 102, 79 N. W. 29; *Patten Paper Co. v. Green Bay & M. C. Co., supra; Ean v. Chicago, M. & St. P. R. Co.* 101 Wis. 166, 76 N. W. 329.

*By the Court.*—Appeals dismissed.

On motion for a rehearing, etc., there were briefs by *Lines, Spooner & Quarles,* attorneys, and *Leo Mann* and *Chas. R. Quarles* of counsel, all of Milwaukee, for respondents, and by the *Attorney General* and *Samuel Bryan,* assistant attorney general, for the appellants.

The motion was denied, with $25 costs, on May 12, 1931.