MISWALD-WILDE COMPANY and others (interpleaded), Respondents, vs. ARMORY REALTY COMPANY and another, Appellants.

*November 9—December 5, 1933.*

For the appellant Armory Realty Company there was a brief by *Fish, Marshutz & Hoffman,* attorneys, and *I. A. Fish* and *W. H. Voss* of counsel, all of Milwaukee, and oral argument by *Mr. Fish.*

For the respondents there was a brief by *Gold & McCann,* attorneys, and *W. G. Sullivan* of counsel, all of Milwaukee, and oral argument by *Mr. Sullivan.*

WICKHEM, J. A judgment entered in this cause was reversed, as indicated in the report of the case. *Miswald-Wilde Co. v. Armory Realty Co.* 210 Wis. 53, 243 N. W. 492, 246 N. W. 305. A full statement of the transaction involved is contained in the report upon the former appeal, and no attempt will be made to restate the facts here. Upon the original appeal it was held that plaintiffs were entitled to the damages as found by the jury for breach of contract to convey land, and to a lien for the amount of these damages upon the premises contracted to be sold. Upon rehearing it was concluded that a vendee's lien could only be had for the amount of the purchase price paid by plaintiffs under contracts for the sale of the land, with interest. It was provided that plaintiffs, upon the return of the record, might "elect whether to take judgment for the recovery of the entire damages sustained by the vendee, without any lien, or to waive every other right excepting the recovery

of the payments as purchase money, with interest, and the vendee's lien to secure such amounts." The mandate read as follows:

"By the Court: Judgment reversed, and cause remanded for further proceedings and judgment in accordance with law and this opinion."

Upon the return of the record plaintiffs filed a written election "to take judgment in this action for the amount of the payments made upon the purchase prices stipulated in the contracts described in the complaint, with interest, with a vendee's lien upon the lots described in such contracts to secure payment of such amounts." In specifying the amounts claimed under such election, however, plaintiffs included costs recovered by plaintiffs in the supreme court and costs and disbursements to be taxed in circuit court.

It is defendants' contention (1) that by claiming costs and a lien therefor plaintiffs did not comply with the election given by this court, in that they did not "waive every other right excepting the recovery of the payments as purchase money, with interest, and the vendee's lien to secure such amounts;" that therefore they are relegated to a judgment for damages for breach of contract without any lien; (2) that at all events they are not entitled to costs or a lien therefor. Upon the appeal from the order affirming the taxation of costs, it is contended that plaintiffs are limited by the provisions of sec. 271.04, Stats., to $25 costs.

Defendants' appeal must be dismissed. The sole question is whether the trial court properly carried into effect the mandate of this court,—whether, in other words, it entered judgment in accordance with the mandate. The mandate entered in accordance with the opinion upon rehearing definitely settled the controversy between the parties. The record was remanded for such further proceedings as were involved in plaintiffs' election, and for judgment in accordance with the mandate. Under these circumstances the judg-

ment ultimately entered is the judgment of this court, and no appeal lies therefrom. The proper remedy in cases where it is contended that the trial court has not entered judgment in accordance with the mandate of this court is by *mandamus*. *Falk v. Tax Commission,* 204 Wis. 518, 235 N. W. 925; *Patten Paper Co. v. Green Bay & M. C. Co.* 93 Wis. 283, 290, 66 N. W. 601, 67 N. W. 432. This conclusion requires a dismissal of the appeal from the judgment.

The same considerations compel a dismissal of the appeal from the order affirming the taxation of costs. It is defendants' contention that, upon the return of the record, the obligation of the trial court was to enter judgment in strict accordance with the mandate (*Ludington v. Patton,* 121 Wis. 649, 99 N. W. 614); that no costs having been expressly provided for in the mandate of this court, none could be taxed, and that at all events costs could not be taxed in excess of the sum of $25 under the provisions of sec. 271.04. The determination of all the questions relating to this appeal is dependent upon whether the trial court entered judgment in accordance with the mandate of this court, and the appeal simply presents in another form a question which we have held cannot be raised by appeal. If defendants' contention is sound, that the trial court cannot give costs unless they are provided for by the judgment, the question is whether or not the court followed the mandate. Since the amount of the costs properly taxable depends upon whether this is to be considered an action at law or a suit in equity, the effect of the mandate and of the election filed by the plaintiffs will be in question. Under these circumstances this appeal must also be dismissed.

*By the Court.*—Appeals dismissed.