Hills Dry Goods Company, Inc., Appellant, vs. Industrial Commission and another, Respondents.

*June 3—September 15, 1936.*

440

441

For the appellant there was a brief by *Wurster & Schein-feld,* and oral argument by *William B. Collins* and *Elmer L. Winter,* all of Milwaukee.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*Charles F. Millmann* of Milwaukee, for the respondent Klicka.

The following opinion was filed June 22, 1936:

FAIRCHILD, J. Upon this appeal it is claimed that the circuit court and the Industrial Commission were without jurisdiction to proceed as they did with relation to the matter after the decision in this court in *Hills Dry Goods Co. v. Industrial Comm.* 217 Wis. 76, 258 N. W. 336. This contention overlooks authority granted by the legislature in cases of this nature. Upon the setting aside of any order or award in compensation cases, the court may recommit the

controversy and remand the record, or if the nature of the case requires it, the court may enter the proper judgment upon the findings of the commission. Sec. 102.24 (1), Stats., so far as material to the questions here raised, reads as follows:

"Upon the setting aside of any order or award the court may recommit the controversy and remand the record in the case to the commission, for further hearings or proceedings; or it may enter the proper judgment upon the findings, as the nature of the case shall demand. . . ."

The brief recital in the statement of facts of the steps taken by the court and commission, together with the reference to the statute just quoted, serves to show that no right of appellant's has been invaded.

The award, as it first came here, had allowed to the claimant treble damages. This was based upon his age, which was undisputed, and a finding that he had been permitted or required to engage in a task against which there was a prohibition for one of his age. The finding with relation to the operation of the elevator was not sustained by the evidence, and he was therefore not entitled to treble damages. The question of validity of his claim to treble damages was the question presented on that appeal, and the decision was only upon that question. The conclusion reached by this court resulted in the reversal of the judgment allowing treble damages and the remanding of the cause. The circuit court thereafter, and under the mandate of this court, had jurisdiction of the matter with power to act. Had our mandate concluded with the words, "for further hearing or proceedings," perhaps the present litigation might have been avoided, but the case was remanded. The opinion showed clearly that the claimant was not to be denied a recovery to which he was entitled, but that under the evidence he was not entitled to the particular multiple amount allowed. The trial court recommitted the matter to the commission. Under the provisions

of the statute, the commission then was required to correct the award.

If there was any occasion for interpreting the mandate as phrased by this court, the trial court had that duty in the first instance. *State ex rel. Reynolds v. Breidenbach,* 205 Wis. 483, 237 N. W. 81. The question as to whether the trial court followed the instructions of the mandate and made the proper interpretation is not before us upon this appeal. *Miswald-Wilde Co. v. Armory Realty Co.* 213 Wis. 354, 251 N. W. 450; *Patten Paper Co. v. Green Bay & Mississippi Canal Co.* 93 Wis. 283, 290, 66 N. W. 601, 67 N. W. 432.

The matter of claimant's compensation being properly before the commission by virtue of the order of the circuit court, the commission must of necessity so act as to bring the matter to a lawful conclusion. It then had before it the evidence. It was the proper body to make findings. It was specifically created by the legislature to make the proper award. Nothing had happened to end the proceedings or cut off the commission's authority to act. When the matter was returned by remanding or recommitting, it was to be completed. The commission, with the record so placed in its hands, did not go outside that record, but acted upon the evidence before it which, with relation to the particular of claimant working without a permit and being under seventeen years of age, was without dispute. It made findings accordingly, and on these findings based an award allowing the double damages to which claimant, under credible evidence considered controlling by the commission, is entitled. The commission therefore acted within its power in executing the mandate, and with due process of law. Sec. 103.05 (4) (a), Stats.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on September 15, 1936.