HILLS DRY GOODS COMPANY, INC., Appellant, vs. INDUS-
TRIAL COMMISSION and another, Respondents.

*November 11—December 6, 1938.*

For the appellant there were briefs by *Scheinfeld, Collins, Durant & Winter,* attorneys, and *Wm. Doll* of counsel, all of Milwaukee, and oral argument by *Mr. Doll.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*Charles F. Millmann* of Milwaukee, for the respondent Anthony Klicka.

NELSON, J.  This is the third time that this controversy has been before this court. *Hills Dry Goods Co. v. Industrial Comm.* 217 Wis. 76, 258 N. W. 336; *Hills Dry Goods Co. v. Industrial Comm.* 222 Wis. 439, 267 N. W. 905. The plaintiff does not question the power of the commission to order a payment in gross of a valid award but contends: (1) That the commission erroneously included in its calculations the amount of the primary compensation award dated November 23, 1933, because that entire award, which included primary compensation, was set aside by this court in *Hills Dry Goods Co. v. Industrial Comm.* 217 Wis. 76, 258 N. W. 336; (2) that the only award with which the commission could deal in ordering a payment in gross was that of March 1, 1935; and (3) that the circuit court erred in amending the order of July 10, 1937, by adding thereto the

sum of $200, together with interest at six per cent from November 23, 1933, because that award had likewise been set aside by this court. While the mandate of this court upon the first appeal, the judgment of the circuit court in returning the record to the commission, and the commission's order of March 16, 1935, separately and strictly construed, lend some support to the plaintiff's contentions, it is our opinion that the contentions are without merit.

It will not be necessary to review the facts upon which compensation to Klicka was based. They were fully discussed in our previous decisions. It will, however, be necessary to review at some length the various orders, judgments, and mandates which have been made and entered in this long-drawn-out controversy.

The commission's first award provided:

"Within ten days from date hereof the respondent, Hills Dry Goods Company, and its insurance carrier, Union Indemnity Company, shall pay to the applicant, Anthony Klicka, the sum of fifty and thirty-three one-hundredths dollars; and, on December 25, 1933, and monthly thereafter, the sum of eighteen and twenty one-hundredths dollars until the further sum of three thousand eight hundred eighty-nine and twenty one-hundredths dollars shall have been paid as *primary compensation,* or until the commission directs a different method of payment;

"And, further, within ten days from date hereof the respondent, Hills Dry Goods Company, shall pay to the applicant, Anthony Klicka, the sum of three hundred seventy-three and sixty-six one-hundredths dollars *as increased compensation;* and, on December 25, 1933, and monthly thereafter, the sum of thirty-six and forty one-hundredths dollars until the further sum of seven thousand seven hundred seventy-eight and forty one-hundredths dollars shall have been paid *as increased compensation,* or until the commission directs a different method of payment;

"The respondent, Hills Dry Goods Company, shall also pay the sum of two hundred dollars to apply on medical expense incurred by the applicant, such payment to be made di-

rectly to the parties rendering the service, or, in the event that payment has been made by the applicant, shall be paid to him.

"Such payments, when made, shall be in full release of liability herein."

It is clear that the commission in the first paragraph of its award ordered the payment of "primary compensation" and that in the second paragraph it ordered the payment of "increased compensation," which added together amounted to treble compensation. Treble compensation was based upon a finding that Klicka, the applicant, at the time of his injury was only sixteen years of age, and was engaged in operating an elevator for the plaintiff as a part of his employment, which was, for one of his age, a prohibited employment. An action to review that award was thereafter commenced in the circuit court for Dane county. The circuit court by its judgment confirmed the award in all respects. Upon appeal from such judgment, it was held by this court that the evidence was wholly insufficient to support the commission's findings upon which treble compensation was based. *Hills Dry Goods Co. v. Industrial Comm.* 217 Wis. 76, 79, 86, 258 N. W. 336. This court stated in its opinion that "the only question raised upon this appeal is the sufficiency of the evidence to sustain the finding upon which treble indemnity was awarded." The mandate of this court upon that appeal was as follows:

"The judgment appealed from is reversed, and cause remanded to the trial court, with directions to enter judgment *setting aside the award of treble damages.*"

While that mandate doubtless should have directed the circuit court to return the record to the commission, it is nevertheless clear that this court set aside only the award respecting treble compensation. Upon the return of the record to the circuit court, it ordered, in pursuance of the mandate of this court, "that the judgment heretofore entered by this court

on the 2d day of July, 1934, affirming the award of the Industrial Commission in all respects be and the same is hereby amended as follows:

"That part of the award of the Industrial Commission of Wisconsin dated November 23, 1933, allowing *increased compensation* to the defendant Anthony Klicka be and the same is hereby reversed, vacated and set aside."

Shortly thereafter the circuit court, on its own motion, because it considered that the order just hereinbefore recited had been inadvertently entered, set it aside and ordered "that the award of the Industrial Commission of Wisconsin herein dated November 23, 1933, *so far as it awards treble damages,* be and hereby is set aside.

"And let said order together with the record herein be returned to the Industrial Commission forthwith."

No appeal was taken from that order or the judgment entered and the record was returned to the Industrial Commission. Upon the return of the record to the Industrial Commission, the commission, without notice and upon the evidence adduced at the original hearing, found that at the time Klicka was injured he was less than seventeen years of age, to wit, of the age of sixteen years, and at the time of his injury was employed, required, suffered, and permitted to work without written permit issued to him pursuant to the provisions of sec. 103.05, Stats., and was therefore entitled to double the amount of compensation otherwise recoverable. The following award was then made:

"Within ten days from date the respondent, Hills Dry Goods Company, Inc., shall pay to the applicant, Anthony Klicka, the sum of four hundred fifty-nine and eighty-three one-hundredths dollars *as double compensation*; that on March 25, 1935, and monthly thereafter, the sum of eighteen and twenty one-hundredths dollars until the further sum of three thousand six hundred sixteen and twenty one-hundredths dollars shall have been paid *as double compensation,* or until the commission directs a different method of payment.

"That in the event of the failure of the respondent employer, Hills Dry Goods Company, Inc., to make payment of *such double compensation,* or any part thereof, and of the inability of the applicant, Anthony Klicka, to make recovery of same, or any part thereof, then and then only shall the insurer, Union Indemnity Company, make payment to the applicant of the amount herein awarded *as double compensation.*"

The plaintiff thereafter brought a second action in the circuit court for Dane county to review said order and award. The circuit court confirmed the award and adjudged:

"That the award of the Industrial Commission of Wisconsin, dated March 16, 1935, ordering the plaintiff to pay *certain sums as double compensation* because of injuries received by Anthony Klicka while in the employ of the Hills Dry Goods Company, be, and the same hereby is, in all respects confirmed."

From that judgment an appeal was taken to this court. The plaintiff contended on that appeal that because this court had not by its mandate recommitted the matter to the Industrial Commission, the commission was without right or power to make a new award respecting double compensation, that in so doing the plaintiff's property had been taken without due process of law; that assuming that the commission had the authority to make an award of double compensation no notice of hearing was given to the plaintiff, and therefore it was not afforded its day in court and, as a consequence, its property had been taken without due process of law. In its complaint in that action the plaintiff referred to the award of March 16, 1935, as an award of "double compensation," and alleged that it was "in addition to the amount of the primary award of the same amount and $200 for medical expense, which last two items were made in the final award of November 23, 1933." This court held that upon the return of the record to the circuit court on the first appeal, the circuit court had the duty in the first instance of construing the mandate of this court;

that whether the trial court followed the mandate was not before us on that appeal; that upon the return of the record to the Industrial Commission it had the power to make an award of double compensation; and the judgment of the circuit court confirming said award was affirmed. A motion for rehearing was made and denied. Thereafter a petition for a writ of *certiorari* was denied by the supreme court of the United States on February 1, 1937. *Hills Dry Goods Co. v. Klicka,* 300 U. S. 654, 57 Sup. Ct. 430, 81 L. Ed. 864.

We acknowledge that the mandate of this court, upon the first appeal, might have been so phrased as to leave no doubt as to its meaning, and we concede that it would have been better if the commission's second award, which obviously related only to double compensation, had contained recitations regarding the award of primary compensation and the affirmance of that award by this court, and had then ordered double compensation. Had the commission so framed its award there could be no excuse for the action and the present appeal since it is within the absolute discretion of the Industrial Commission to order payment in gross of compensation at any time after six months from the date of injury. *Flanner Co. v. Industrial Comm.* 193 Wis. 46, 48, 213 N. W. 660.

The payment in gross is clearly based both upon the primary compensation and the double compensation awarded. The commission, the circuit court, and this court understood that both primary and double compensation were awarded. The award of primary compensation was affirmed upon the first appeal, and the award of double compensation was affirmed upon the second appeal, so Klicka is entitled to both primary and double compensation and to the payment in gross ordered. The omission of the commission in its award of double compensation to refer to the prior award of primary compensation should not operate to deny the defendant Klicka the compensation to which, under the law and the facts found, he is clearly entitled.

In ordering the payment in gross, the commission obviously overlooked the $200 item awarded Klicka for medical expenses. Upon that fact being called to the attention of the circuit court, it was its duty to amend the award by including that amount in its judgment. The original award in respect to such allowance was affirmed, and the defendant, Klicka, is justly entitled to that amount.

*By the Court.*—Judgment affirmed.