This action was before this court on an appeal from a judgment of the same circuit court. Barlow Seelig Mfg. *Page 224 Co. v. Patch, 232 Wis. 220, 286 N.W. 577. The action was by Barlow Seelig Manufacturing Company, a Wisconsin corporation, and its successor, a Delaware corporation of the same name, to enjoin Allen J. Patch from assigning a certain patent to any person other than plaintiff, and to compel assignment of the patent to the Delaware corporation. Included in plaintiff's demands was one for an injunction pendente lite. This temporary injunction was asked and a bond in the penal sum of $10,000 was filed. Judgment was entered below giving relief to the plaintiff in accordance with the demands of the complaint. This included a perpetual injunction prohibiting defendant Patch from assigning or attempting to assign to others than plaintiff the letters patent involved in the litigation, and ordering cancellation and release of the bond filed by plaintiff to secure defendant upon the temporary injunction. Upon appeal to this court the controversy centered about the ownership of the patent and it was determined that defendant Patch was the owner of the patent and under no duty to assign it to plaintiff. It was conceded in defendant's brief, and assumed by this court in its opinion, that defendant's patent rights were subject to shop rights in plaintiff. At the conclusion of the opinion the mandate of this court simply reversed the original judgment and directed the entry of a judgment in accordance with the opinion. Upon remittitur
defendant presented to Hon. C.F. VAN PELT, judge of the circuit court for Fond du Lac county, a judgment vacating the judgment appealed from and dismissing the action upon its merits, but retaining jurisdiction for the purpose of enforcing defendant's rights to costs and to damages for the wrongful issuance of the injunction pendentelite. This judgment was duly entered on October 5, 1939. Plaintiffs then filed a motion to amend this judgment by inserting therein recognition of a shop right in the plaintiff Delaware corporation and eliminating provisions relating to taxation of costs, determination of damages, order of *Page 225 
reference to ascertain the same, and the dismissal of the complaint. This motion was heard before Judge HUGHES, who had tried the original action, and Judge HUGHES vacated the following provisions of the judgment of October 5, 1939: (1) That the complaint be dismissed on its merits with a retention of jurisdiction of the judgment for purposes of enforcement; (2) that the bond be reinstated; (3) that defendant recover from plaintiff the sum of . . . dollars to be inserted by order of the court as the damages for improper issuance of the temporary injunction; and (4) that the action be referred to a referee to ascertain these damages. There was added to the judgment a provision establishing that the ownership of the patent by defendant is subject to shop rights of plaintiff corporation. In summary, the judgment now appealed from eliminates all costs, all damages upon the improvident issuance of the temporary injunction, and qualifies defendant's ownership of the patent involved by making this ownership subject to shop rights in plaintiff. Defendant appeals.
The sole question debated upon this appeal is whether in entering the judgment appealed from the circuit court followed the mandate of this court. If it did, the judgment so entered is the judgment of this court and cannot be appealed from. If it did not, the remedy is bymandamus, and this court will not entertain an appeal. The sole remedy of defendant is an original action invoking the supervisory power of this court to compel the lower court to follow its mandate. Falk v. Wisconsin Tax Comm.204 Wis. 518, 235 N.W. 925; Miswald-Wilde Co. v. ArmoryRealty Co. 213 Wis. 354, 251 N.W. 450. It follows that defendant's appeal must be dismissed.
By the Court. — Appeal dismissed. *Page 226