The relator, Allen J. Patch, filed his petition herein on February 7, 1941, for an alternative writ of mandamus, which was issued. The respondent, Circuit Court of Fond du Lac County, HENRY P. HUGHES, judge, has made return, to which the relator has demurred. The case out of which this proceeding arises has been before this court on two former occasions, see Barlow Seelig Mfg. Co. v. Patch, 232 Wis. 220,227, 286 N.W. 577, and Barlow Seelig Mfg. Co. v.Patch, 236 Wis. 223, 295 N.W. 39. This present action is brought for the purpose of compelling the court below to enter a judgment in the first-mentioned action, 232 Wis. 220, in accordance with the mandate in the opinion filed June 21, 1939, which was on the appeal from the original judgment entered August 26, 1938, as amended December 3, 1938.
The original action, begun July 31, 1937, was brought by Barlow Seelig Manufacturing Company, a Wisconsin corporation, and Barlow Seelig Manufacturing Company, a Delaware corporation, against Allen J. Patch, defendant, hereinafter referred to as the "relator," to determine the ownership of a certain patent, No. 1,964,440, which patent stood in relator's name. The judgment of August 26, 1938, as amended on December 3, 1938, provided that the letters patent was granted to relator on July 26, 1934; that the equitable title to said letters patent was at all times since its issue and prior to April 29, 1936, vested in the plaintiff Wisconsin corporation, and since April 29, 1936, was vested in the plaintiff Delaware corporation; that the relator since the issuance of said letters patent held the legal title thereto for *Page 85 
the plaintiffs. As a mandatory injunction, the judgment provided and directed that relator execute and deliver to the plaintiff, the Delaware corporation, an assignment of the fetters patent and the legal title. The judgment further provided that relator, his attorneys, agents, employees, and servants were to forever desist and refrain from assigning or attempting to assign to others than the plaintiffs, said letters patent. It further provided that the $10,000 bond which the plaintiffs had theretofore posted, pending the temporary injunction and the outcome of the trial, be returned to the plaintiffs. Costs and disbursements were taxed in the sum of $328.32. The relator appealed from that judgment.
Upon the original appeal this court reversed the judgment the lower court. In so doing this court held that the patent rights belong to the relator, subject to shop rights of the plaintiffs. No other issues were litigated or decided. The mandate of this court read: "Judgment reversed, and cause remanded with directions to enter judgment in accordance with this opinion." A motion by plaintiffs for a rehearing was denied September 12, 1939. The relator made no request that the mandate of this court be in any way changed or modified.
When the remittitur from this court on the original appeal was returned to the circuit court, relator submitted to Judge VAN PELT a proposed judgment considered to be in accord with the mandate of this court. Said proposed judgment was signed and entered by the circuit court for Fond du Lac county, Judge VAN PELT presiding, on October 5, 1939. That judgment provided: (1) That the judgment of August 26, 1938, as amended on December 3, 1938, be vacated and annulled; (2) that the complaint be dismissed on the merits, the court retaining jurisdiction of the action for the purposes of this judgment (judgment of October 5, 1939), and its enforcement; (3) that relator recover of the plaintiffs his costs and disbursements; (4) that the bond in *Page 86 
the sum of $10,000 previously posted by the plaintiffs for the benefit of the relator, be and the same is reinstated, and that the plaintiffs are hereby ordered to refile and reinstate with the clerk of this court the cash deposit (certified check) previously withdrawn by them, under the judgment (now vacated) as security for said bond forthwith; (5) that the injunction be dissolved; (5) that said relator have and recover of the plaintiffs jointly and severally the sum of _____ dollars, which sum is to be hereafter inserted herein by order of this court as the damages sustained by him by reason of the improper issuance of the injunction herein, and that he have execution therefor; and (7) that said action be referred to a referee to be named by the court to hear, try, and determine the damages sustained by the relator or otherwise assessable by law because of the injunction, and to refer the same to the court for such further order thereon as may be just and proper.
After entry of the foregoing judgment, plaintiffs obtained an order to show cause from the circuit court for Fond du Lac county, Judge VAN PELT presiding, why the judgment of October 5, 1939, should not be amended, modified, and changed to conform to the mandate of the supreme court. Judge VAN PELT called in Judge HUGHES to hear plaintiffs' motion on the order to show cause. Following this hearing, and on April 9, 1940, the circuit court for Fond du Lac county, Judge HUGHES presiding, entered a judgment providing as follows:
"It is hereby adjudged and decreed: (1) That the judgment entered in this action on August 26, 1938, as amended December 3, 1938, has been rendered null and of no effect by the decision of the supreme court of June 21, 1939; (2) that the judgment of this court [circuit court] dated October 5, 1939, be and the same is hereby vacated and set aside because it fails to conform with the requirements of the mandate of the supreme court and its decision of June 21, 1939; (3) that defendant Allen J. Patch is the absolute owner of patent No. 1,964,440, subject to the shop rights of the plaintiffs *Page 87 
thereunder; (4) that all injunctional orders heretofore issued be and they are wholly dissolved; (5) that defendant Allen J. Patch do have and recover from the plaintiffs jointly and severally his costs herein, in the amount of $100 for attorney fees, together with his disbursements in the amount of $236.42."
After entry of this judgment, plaintiffs paid the relator his costs and disbursements, and the judgment in that respect was satisfied of record. Thereafter the relator appealed to this court from certain parts of that judgment. The appeal was dismissed, see Barlow Seelig Mfg. Co. v. Patch, 236 Wis. 223,295 N.W. 39. Following the dismissal of that appeal, the instant proceedings were commenced as an original action in this court.
As heretofore stated, on the original appeal in Barlow Seelig Mfg. Co. v. Patch, 232 Wis. 220,286 N.W. 577, this court determined a single issue, namely, that the relator was the sole owner of the patent there in dispute, subject to plaintiffs' shop rights. The judgment of the circuit court as entered on April 9, 1940, conforms to the mandate of this court on the appeal from the original judgment; that is, it declares null and of no effect the judgment of August 26, 1938, as amended December 3, 1938. It determines that relator is the absolute owner of patent No. 1,964,440, subject to the shop rights of the plaintiffs thereunder, and it awards costs and disbursements in his favor. It does not adjudge as to relator's right of action against the plaintiffs under their bond, for damages, if any, which were sustained by reason of the temporary injunction.
The relator, in the present action, seeks to have other parts of the judgment of April 9, 1940, vacated and set aside, the bond, which was posted by the plaintiffs when the temporary injunction was issued, reinstated, and provision made for a hearing on the question of damages because of such *Page 88 
injunction having been issued. The question of damages was not litigated in the original action. The decision and mandate of this court in the original action make no reference to the question of damages which the relator might have sustained by reason of the temporary injunction. Whatever right of action he might have against the plaintiffs on their bond furnished under the provisions of sec. 268.06, Stats., at the time the temporary injunction was issued, is not affected either by the mandate of this court on the original appeal, or by judgment of the circuit court of April 9, 1940.
After carefully considering the present state of the record in this litigation, we conclude that the writ should be denied. In so holding we are not foreclosing any right of action which the relator might have against the plaintiffs on their bond under secs. 268.06 and 268.07, Stats. See Muscoda BridgeCo. v. Worden-Allen Co. 207 Wis. 22, 29, 239 N.W. 649, 240 N.W. 802.
By the Court. — Writ denied.