PADWAY, Appellant, vs. GOLDBERG and another, d/b/a PADWAY, GOLDBERG & PREVIANT, Respondents.*

*January 10—February 5, 1957.*

* Motion for rehearing denied, with $25 costs, on April 9, 1957.

For the appellant there were briefs and oral argument by *Ronald A. Padway* of Milwaukee, *in pro. per.*

For the respondents there was a brief by *Vernon A. Swanson, Joseph E. Rapkin, Lyman A. Precourt,* and *Fairchild, Foley & Sammond,* all of Milwaukee, and oral argument by *Mr. Rapkin* and *Mr. Precourt.*

BROWN, J. If there is a breach of professional ethics as alleged in (4) above, the remedy at the time this proceeding was instituted was prescribed by sec. 256.28 (8), Stats. It begins with a complaint addressed to the justices of the supreme court and initiates an investigation under the auspices of that court. No private right of action against the alleged offender lies for the restraint of mere unprofessional practices or conduct. Considering that the professional propriety of defendants' conduct is not brought before us by the present action we express no opinion concerning it.

An unauthorized use by defendants of the name of Joseph A. Padway might result in injury, damage, and a right of action to restrain such use by a party or parties who have property in that name and whose right to use it, exclusively or otherwise, is invaded by defendants' unauthorized use. Plaintiff's complaint does not allege that he is Joseph A. Padway or that he has any right to the use of that name.

If, as his brief alleges, the use of Joseph A. Padway's name by defendants confuses the public, and attracts business to Padway, Goldberg & Previant because the public erroneously believes Joseph A. Padway will serve them there, plaintiff has not been deprived of any right and has not sustained any legal injury thereby. Plaintiff practices under his own name and his right to do so is not interfered with by defendants' name and style. He does not allege a right to the business of those looking for Joseph A. Padway. If there are any such who have been deceived to their damage by defendants' use of Joseph A. Padway's name a right of action may be theirs; it certainly is not his, nor has he a right to Joseph A. Padway's business instead of defendants getting it. The demurrer was properly sustained.

The trial court's order sustaining the demurrer refused plaintiff a right to plead over. The record does not show that plaintiff tendered an amended complaint or in any other manner informed the trial court of any other or additional facts which might be pleaded upon which a cause of action might be based. But, query, whether opportunity to amend should have been denied if plaintiff had tendered an amended complaint pleading, for instance, that clients actually looking for him had entered defendants' office, misled by defendants' use of the Padway name, and had remained there and thereby business intended for plaintiff had been diverted. Plaintiff may not be able truthfully to plead such facts. In any event the record discloses no offer by him of any facts which would require that the opportunity to amend his complaint be given him or that its refusal would be an abuse of discretion. We conclude that the judgment should be affirmed.

*By the Court.*—Judgment affirmed.

STEINLE, J., took no part.