RASKIN, Appellant, v. HACK and another, Respondents.

*January 10—February 5, 1963.*

For the appellant the cause was submitted on the brief of *Harris, Blumenthal & Richman* of Milwaukee.

For the respondents there was a brief by *M. J. Levin*, attorney, and *Charles H. Kahn* and *James S. Levin* of counsel, all of Milwaukee, and oral argument by *James S. Levin*.

DIETERICH, J. The only issue raised on this appeal is whether the trial court erred when it determined that it could properly exercise its discretion only if it sustained defendants' demurrer.

The complaint states an action to collect a real-estate broker's commission for the purchase and acquisition of land. This court found that the agreement upon which plaintiff broker relied did not substantially comply with the provisions of sec. 240.10, Stats., and was therefore void.

The only means for plaintiff broker to recover his commission is on a contract and the contract was held void. Thus, the action had no merit. The mandate of this court directed that an order be entered sustaining the demurrer of the defendants. With this mandate, especially in view of the reasons given by this court for reversal,[1] the trial court was required to sustain the demurrer.

In *Paschong v. Hollenbeck* (1962), 16 Wis. (2d) 284, 286, 114 N. W. (2d) 438, it is stated:

---

[1] *Patten Paper Co. v. Green Bay & Mississippi Canal Co.* (1896), 93 Wis. 283, 66 N. W. 601, 67 N. W. 432.

"A remand to the trial court to exercise discretion does not contain the thought that the discretion can properly be exercised in one manner only. When that is the case we say what the order should be and remand the cause with directions to the trial court to enter that order."

"When a cause is remanded, a trial court has no jurisdiction except to proceed in accordance with the mandate, and any proceedings contrary thereto must be treated as null and void." Headnote 1, *Fullerton Lumber Co. v. Torborg* (1957), 274 Wis. 478, 80 N. W. (2d) 461.

If plaintiff had made an offer of new evidence, as for example, a valid broker's contract, then the trial court would have had discretion in determining whether or not to grant plaintiff's motion for reasonable time in which to plead over. See *Padway v. Goldberg* (1957), 275 Wis. 54, 80 N. W. (2d) 919. Under those circumstances, if the trial court had refused to exercise its discretionary power on the erroneous ground that the power did not exist, that would have constituted an abuse of discretion and required that such determination be reversed. *Estate of Baumgarten* (1961), 12 Wis. (2d) 212, 107 N. W. (2d) 169.

In the absence of an offer of new evidence or tender of an amended complaint, the trial court was not in error when it concluded that it was bound by the mandate of this court to enter an order sustaining defendants' demurrer.

*By the Court.*—Judgment affirmed.

GORDON, J., took no part.