The judgment should be reversed and the demurrer overruled.

All concur.

Judgment reversed and demurrer overruled.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD KLAUBER, Relator, *v.* JAMES A. WENDELL, as Comptroller of the State of New York, Respondent.

Third Department, May 4, 1921.

**Taxation — income tax — increase in value not part of income where sale price less than cost — Tax Law, §§ 353 and 359, construed and applied.**

Under sections 353 and 359 of the Tax Law there is no " gain derived " from the sale of property acquired before January 1, 1919, which becomes a part of the taxable income of the owner, unless there is a gain on the entire transaction of buying and selling, and so the increase in value from January 1, 1919, to the date of sale is not a part of the taxable income of the owner where the sale price was less than the cost, but in cases where there is such a gain the portion thereof subject to taxation shall be ascertained by deducting the market value of the property on January 1, 1919, from its selling price.

CERTIORARI issued out of the Supreme Court and attested on the 11th day of January, 1921, directed to James A. Wendell, as Comptroller of the State of New York, commanding him to certify and return to the office of the clerk of the county of Albany all and singular the proceedings had concerning the assessment and penalties levied upon the income of the petitioner for the year 1919, pursuant to article 16 of the Tax Law.

*Paskus, Gordon & Hyman* [*Arthur B. Hyman* of counsel], for the relator.

*Charles D. Newton, Attorney-General* [*James S. Y. Ivins, Deputy Attorney-General,* of counsel], for the respondent.

COCHRANE, J.:

The question in this case involves the proper construction of section 353 of article 16 of the Tax Law (as added by Laws of 1919, chap. 627), such article being commonly known as the Income Tax Law. Said section 353 is as follows: " For the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal or mixed, the basis shall be first, in case of property acquired before January first, nineteen hundred and nineteen, the fair market price or value of such property, as of January first, nineteen hundred and nineteen, and, second, in case of property acquired on or after that date, the cost thereof; or the inventory value, if the inventory is made in accordance with this article."

The facts are as follows: In the year 1919 the relator sold certain securities for less than the price at which he had purchased them prior to that year but in excess of their market value on January first of that year. The Comptroller included in the gross income of the relator as defined by section 359 of the Tax Law (as added by Laws of 1919, chap. 627), the difference between the market value of such securities on January 1, 1919, and their selling price and has assessed the tax against the relator accordingly.

There was in fact no profit from the transaction but an actual loss. The result seems so harsh to the taxpayer that it necessitates a careful scrutiny of the statute with a view to determining its purpose and whether if susceptible to different constructions the proper construction has been selected. I think the construction adopted is based on too narrow and limited a view of the phraseology employed and does not properly reflect the legislative purpose. In construing a statute every part thereof must be viewed in relation to every other part. Turning to section 359, which defines " gross income," we find, omitting the portion of the section irrelevant to the present inquiry and confining ourselves to such part only as is so relevant, that gross income " includes gains, profits and income derived from * * * sales, or dealings in property * * *." In that part of the section thus quoted two ideas stand prominently forth. First there must be an actual sale or dealing in respect to the property,

and second, there must be a gain or profit derived from such sale or dealing. And such gain or profit naturally means the difference between the purchase price and selling price. There is nothing in said section 359 to indicate the contrary. With these ideas in mind we turn again to section 353 and our effort must be to reconcile and harmonize the two sections and construe them with reference to each other and so as to give to each its proper force and effect. Section 353 speaks of " the gain derived " from the sale of property and that clearly means such *gain* as is described and referred to in section 359. And section 353 then provides that for the purpose of ascertaining such gain the basis shall be in case of property acquired before 1919 the market value thereof on January first of that year. The two sections read together to my mind clearly indicate that there must first be a gain as indicated in section 359 as between the purchase price and selling price and then in cases where there is such a gain the portion thereof subject to taxation shall be ascertained by deducting the market value of the property on January 1, 1919, from its selling price. The Legislature did not intend to treat that as a gain which was an actual loss simply because there was an appreciation in value after January 1, 1919, but in cases where there was an actual gain in the selling price over the cost price to include as gross income only that portion of such gain as accrued after January 1, 1919. That was the year when the Income Tax Law became effective and the legislative purpose clearly was not to tax any gains or profits which might have accrued before that year but to include in gross incomes only that portion of the gains or profits which accrued during the taxable period in cases where such gains or profits had actually been derived.

These two sections, 353 and 359, of the State Tax Law, so far as concerns the question here presented, are substantial transcripts of the corresponding sections of the Federal Revenue Act of 1918 (40 U. S. Stat. at Large, 1060, § 202; Id. 1065, § 213), known as the Federal Income Tax Law. We may, therefore, profitably consider the purpose of the Congress in respect thereto as bearing on the question here presented. March 1, 1913, was fixed in the Federal statute, corresponding to January 1, 1919, in the State statute, as the basis for ascertaining the gain

derived or loss sustained from the sale or other disposition of property in the case of property acquired before said March 1, 1913. The Sixteenth Amendment to the Federal Constitution conferring on Congress power to collect taxes on incomes without apportionment became effective in February of that year. (37 U. S. Stat. at Large, 1785.) Congress in the legislation to which reference has been made declared in effect that profits and gains on sales of property should be treated as income. The constitutionality of that provision has been questioned and the Congress evidently recognized the seriousness of the question as applied to gains or profits which accrued or were earned prior to the constitutional amendment. The manifest purpose of the Congress, therefore, as it seems to me was to exclude all gains or profits which accrued prior to the constitutional amendment and which were realized by sales or transactions thereafter, making only such portion of such gains or profits as accrued after the amendment subject to the tax. The purpose was not to make an appreciation in the value of property subsequent to the amendment the subject of taxation irrespective of whether or not the entire transaction involved a gain or loss. Of course the State Legislature is not fettered by constitutional restrictions as was the Congress, but having adopted the act of Congress substantially *in hæc verba* it is reasonable to assume that the purpose of the two enactments was the same although the motive and necessity for such purpose did not exist in respect to the State enactment. I conclude that full effect and meaning may be given to section 353 of the Tax Law by applying it only to those cases where a sale or other transaction results in an actual gain or profit, and the history and origin of the statute as well as a reasonable construction thereof and a due regard both to the equities of the taxpayers and justice to the State all combine to indicate that such was the legislative purpose.

Since writing the foregoing opinion the United States Supreme Court in the cases of *Goodrich* v. *Edwards* (255 U. S. 527) and *Walsh* v. *Brewster* (Id. 536) has without reference to constitutional requirements construed the Federal statute as the State statute is here construed.

The determination should be annulled, with fifty dollars costs and disbursements, and proceeding remitted to the

Comptroller to adjust the tax on the basis of the relator's contention.

All concur.

Determination annulled, with fifty dollars costs and disbursements, and proceedings remitted to the Comptroller to adjust the tax on the basis of the relator's contention.