FALK and others, Executors, Appellants, vs. WISCONSIN TAX COMMISSION and others, Respondents.

*March 3—April 1, 1930.*

For the appellants there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Louis Quarles* and *Leo Mann,* of counsel, all of Milwaukee, and oral argument by *Mr. Louis Quarles* and *Mr. Mann.*

For the respondents there was a brief by the *Attorney General, A. L. Hougen* of Manitowoc, special counsel, *George A. Bowman,* district attorney of Milwaukee county, and *Robert R. Freeman,* special counsel, and oral argument by *Mr. Hougen.*

OWEN, J. Upon various dates, all prior to January 1, 1911, Charles F. Pfister, in his lifetime, acquired 3,000 shares of the capital stock of the Sentinel Company at a cost of $471,310. In 1924 the executors of his estate sold the stock for $131,901.04 less than Mr. Pfister paid for it. The assessor of incomes, however, found that the value of the stock on January 1, 1911, was $114,408.96 less than it was sold for, and the board of review found that on that date its value was $39,408.96 less than it was sold for, and the additional income tax complained of is upon the latter amount. The contention is that as the stock sold in 1924 for $39,408.96 more than its value was found to be by the board of review on January 1, 1911, that amount represents income upon which Mr. Pfister or his estate is liable for an income tax.

Income is the basic essential for the income tax authorized by the constitution. Without income there can be no tax. The term "income" as used in the constitution is to be in-

terpreted in accordance with its common, ordinary meaning as understood in every-day life. "It must be gain or profit and it must be money or something equivalent thereto." *State ex rel. Bundy v. Nygaard,* 163 Wis. 307, 158 N. W. 87. Income does not arise from the ordinary fluctuations in the value of property. In order for property to give rise to income there must be a sale thereof in excess of its cost. *Miller v. Tax Comm.* 195 Wis. 219, 217 N. W. 568. That the stock in question was sold for less than Mr. Pfister paid for it is conceded. Confessedly, therefore, no gain, profit, or income arose from the transaction comprehended within the purchase and sale of this stock.

The imposition of the income tax complained of is defended by the taxing authorities upon the sole ground that in 1924 the stock sold for more than its value on January 1, 1911. This contention is based upon sec. 71.02 (2) (d), Stats., which declares subject to an income tax "all profits derived from the transaction of business or from the sale of real estate or other capital assets; provided, that for the purpose of ascertaining the gain or loss resulting from the sale or other disposition of property, real or personal, acquired prior to January 1, 1911, the fair market value of such property as of January 1, 1911, shall be the basis for determining the amount of such gain or loss."

The effective date of the income tax law was January 1, 1911. As originally enacted the law made no provision for apportioning the income arising from sales made after January 1, 1911, of property purchased before January 1, 1911. However, the administration of the law evidently revealed the necessity for some such apportionment, and by ch. 720, Laws of 1913, it was provided "that of the profits derived from the sale of real estate or other capital assets acquired previous to January 1, 1911, only such proportion shall be taxable as the time between January 1, 1911, and the date of sale bears to the entire time between the date of acquisi-

tion and the date of sale." It will be noticed that this was an arbitrary apportionment and had no reference whatever to the time when the appreciation of the property actually occurred.

The case of *State ex rel. Bundy v. Nygaard,* 163 Wis. 307, 158 N. W. 87, presented a situation where a taxpayer in 1914 sold property acquired in 1907 at a profit. It appeared, however, that the property was worth the sale price on January 1, 1911, and that the increase in its value occurred before the effective date of the income tax law. It was held that there was no taxable income, as the value of the property on January 1, 1911, represented the capital of the taxpayer, and the sale of the property in 1914 did not yield any gain which had accrued to the taxpayer after January 1, 1911. Whether the decision in that case was responsible therefor, the statute was amended in 1917 to provide "that for the purpose of ascertaining the gain or loss resulting from the sale or other disposition of property, real or personal, acquired prior to January 1, 1911, the fair market value of such property as of January 1, 1911, shall be the basis for determining the amount of such gain or loss." This provision is evidently construed by the Tax Commission as authority to treat as income all sums received from the sale of property in excess of its value January 1, 1911. However, it is apparent that income does not arise by any such computation.

Income or gain arises only when the property is sold at a profit. As long as it is held by the owner it simply represents the owner's capital invested in it, whatever its fluctuating value may be. An income within the meaning of the constitutional amendment can arise in no other way than by a sale of the property at an advance over the amount paid therefor. In order that a sale after January 1, 1911, of property purchased before that date give rise to an income, it must first appear that the property sold for more than it

cost. Unless that appears, no income results from the sale. Where that does appear, then and not until then does the question arise as to what proportion of the income is subject to an income tax. When it does arise, the present statute affords a correct rule for determining that portion thereof which is subject to an income tax. That amount will be represented by the difference between the value of the property January 1, 1911, and the sale price. The amount of the appreciation in the value of the property after that time is subject to an income tax. The value of the property on January 1, 1911, is not material at all upon the question of whether an income was realized from a sale of the property. It becomes material only when a gain or income is revealed by a comparison of the purchase price with the sale price. In such cases the statutory provision we are considering operates as a limitation upon either the gain or loss material to the purposes of the income tax. This has been the universal construction of provisions similar to the one we are discussing, so far as we have been able to ascertain. *Walsh v. Brewster,* 255 U. S. 536, 41 Sup. Ct. 392; *Goodrich v. Edwards,* 255 U. S. 527, 41 Sup. Ct. 390; *McCaughn v. Ludington,* 268 U. S. 106, 45 Sup. Ct. 423; *U. S. v. Flannery,* 268 U. S. 98, 45 Sup. Ct. 420; *Walter v. Duffy,* 287 Fed. 41; *Phillips v. U. S.* 12 Fed. (2d) 598; *People v. Wendell,* 196 App. Div. 827, 188 N. Y. Supp. 301, affirmed by the court of appeals without opinion in 232 N. Y. 549, 134 N. E. 567; *People v. Wendell,* 200 App. Div. 388, 193 N. Y. Supp. 143; *Brown v. Commissioner of Corporations,* 242 Mass. 242, 136 N. E. 188.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment vacating the assessment.

CROWNHART, J., dissents.