McCARTY, Appellant, vs. TAX COMMISSION and others, Respondents.

*June 5—June 26, 1934.*

646

For the appellant there was a brief by *Randall, Cavanagh, Stephenson & Mittelstaed* of Kenosha, and oral argument by *Richard P. Cavanagh* and *Roy S. Stephenson.*

For the respondents there was a brief by the *Attorney General* and *Herbert H. Naujoks,* assistant attorney general, and oral argument by *Mr. Naujoks.*

FAIRCHILD, J.   Under the three-year-average method of assessing incomes which obtained in this state at the time of the assessment under review, the law required the payment of a tax on all average net incomes by every person residing

within the state or by his personal representative in case of
death, and declared that every natural person who was domiciled in the state "shall be presumed to be residing within
the state for the purposes of determining liability for income
taxes and surtaxes." Sec. 71.01, Stats. 1929. There is no
dispute but that the appellant was domiciled within the state
during the months of January and February, 1929. *Carter
v. Sommermeyer,* 27 Wis. 665; *Kellogg v. Supervisors of
Winnebago County,* 42 Wis. 97; *Kempster v. Milwaukee,*
97 Wis. 343, 72 N. W. 743; *Will of Eaton,* 186 Wis. 124,
202 N. W. 309.

The basic theory of taxation as stated in 1 Cooley, Taxation (3d ed.), 1, has been referred to approvingly by this
court in *Fitch v. Wisconsin Tax Comm.* 201 Wis. 383, 230
N. W. 37, as follows:

"In the very opening sentence of Cooley on Taxation
(3d ed.) we find it stated that 'Taxes are the enforced proportional contributions from persons and property, levied by
the state by virtue of its sovereignty for the support of government and for all public needs. The state demands and
receives them from the subjects of taxation within its jurisdiction that it may be enabled to carry into effect its mandates and perform its manifold functions, and the citizen
pays from his property the portion demanded, in order that,
by means thereof, he may be secured in the enjoyment of
the benefits of organized society. The justification of the
demand is therefore found in the reciprocal duties of protection and support between the state and those who are subject to its authority, and the exclusive sovereignty and jurisdiction of the state over all persons and property within its
limits for governmental purposes.' "

The exaction of a tax can be justified when one is enjoying the protection of government either for himself or his
property. *Fitch v. Wisconsin Tax Comm., supra.* As long
as one continues to enjoy that protection he should contribute toward the expense of maintaining it. The reasonableness of this rule was recognized by the legislature in

enacting sec. 71.09 (2), Stats. 1929, which attempts to apportion the taxpayer's liability according to the length of time that he is domiciled in the state. If appellant enjoyed protection for only one-sixth of a year, he should be taxed one-sixth of the amount he would have been taxed had he enjoyed that protection for the entire year.

The method prescribed for determining the tax liability under circumstances such as exist in this case, is provided for in sec. 71.09 (2), Stats. 1929, and that section reads:

"Liability to taxation for income which follows the residence of the recipient in the case of persons, other than corporations, who move into or out of the state within the year shall be determined for such year by the ratio of time which the residence of such taxpayer in the state bears to the entire calendar or fiscal year. The deductions for personal exemptions provided for in sec. 71.05 shall be prorated on the basis of the time of residence within and without the state. The net income of such person assignable to the state for such year shall be used in averaging the income subject to assessment under this chapter. . . ."

The state desires to recover into its treasury the tax that it may justly levy upon one domiciled in this state, and in the present case the taxpayer was domiciled here for one-sixth of the year. The guiding question, then, is what is the amount of tax this taxpayer owes. This we hold is answered according to the statute when the taxpayer's entire net income for the year in question, added to that of the two preceding years and the total thus obtained divided by three, is taken as the tax base. When the tax is computed upon this amount and divided by six, this figure representing the proportionate time of the taxpayer's residence in Wisconsin during that year, the amount thus arrived at is the tax chargeable.

In the instant case, the entire income involved followed the taxpayer's residence. In a situation where the taxpayer moving out of the state has income which follows his residence and also income derived from property located or

business transacted within the state, the same method of calculation, although somewhat more involved, is applicable. In such case, the rule requires the determining of the average income for the three years and the calculation of the tax thereon, including surtaxes, and the separating of the tax total thus determined into two amounts, in the ratio which his income, earned during the year of limited residence in the state, derived from property located or business transacted within the state, bears to the income, earned during the same period, which follows his residence. When the latter of these two amounts is divided by a figure representing the proportionate time that he resided in the state, and the former of the two amounts is added to the figure thus obtained, the tax chargeable appears.

This interpretation of the statute is the only one that avoids unreasonable results and prevents discrimination between taxpayers.

*By the Court.*—The judgment of the circuit court is reversed, and cause remanded with directions to require an assessment of tax in accordance herewith.

WICKHEM, J., dissents.