GREENE, Respondent, vs. TAX COMMISSION and another, Appellants. [Two cases.]

*March 4—June 2, 1936.*

For the appellants there was a brief by the *Attorney General, Herbert H. Naujoks,* assistant attorney general, attorneys, and *Charles L. Mullen* of Milwaukee of counsel, and oral argument by *Mr. Naujoks* and *Mr. Mullen.*

*Leo J. Federer* of Milwaukee, for the respondents.

A brief was also filed by *Lyman C. Conger, amicus curiæ,* and *Lucius P. Chase* of counsel, both of Kohler.

The following opinion was filed March 31, 1936:

ROSENBERRY, C. J. The following issues are presented by the record: (1) Is sec. 71.09 (2), Stats. 1929, valid? (2) If the section is valid, may a tax be imposed upon a taxpayer and resident of Wisconsin from October 1 to December 31, 1929, based upon a proportion of the total income of the taxpayer for that year as provided in the statutes of 1929? (3) Are profits derived from the sale of capital assets "income which follows the residence of recipient in the case of persons" within the meaning of sec. 71.09 (2)? (4) What amount is to be used as representing the taxpayer's taxable income for the year 1929 in assessing the taxpayers for the assessment years 1930, 1931, and 1932?

The statutes involved, being secs. 71.09 (2) and 71.10 (1) (c), are printed in the margin.[1]

The parties to this controversy take opposite sides on a fundamental question which is, Can a formula be applied to the income of a nonresident who takes up his residence in the state of Wisconsin during the taxing period when the income which he receives during the period of his nonresidence may be accurately and clearly separated from that part of his yearly income which he received after he took up his resi-

[1] "71.09 (2) Liability to taxation for income which follows the residence of the recipient in the case of persons, other than corporations, who move into or out of the state within the year shall be determined for such year by the ratio of time which the residence of such taxpayer in the state bears to the entire calendar or fiscal year. The deductions for personal exemptions provided for in section 71.05 shall be prorated on the basis of the time of residence within and without the state. The net income of such person assignable to the state for such year shall be used in averaging the income subject to assessment under this chapter. . . ."

"71.10 (1) (c) If any years, prior to the first year or subsequent to the last year in which any person received income taxable under the statutes, must be used in deriving an average taxable income for income tax purposes, it shall be considered that there was no net income or loss for any of such prior or subsequent years."

dence? The Tax Commission claims it can. The taxpayers claim that it cannot.

The effect of the application of the formula in this case is to make taxable in Wisconsin income which was earned and received by the taxpayer while a nonresident. This is apparent from the table set out in the statement of facts. A portion of the Illinois income is taxed in 1929 and carried into the income for 1930 and 1931. The Tax Commission claims that the taxpayer being a resident of the state at the time the tax is levied, the state has jurisdiction to tax; that it may measure the tax by any fair formula, even though in certain cases it may produce an unfair or unjust result.

This proposition appears to us to be determined adversely to the contention of the Tax Commission by *Hans Rees' Sons v. North Carolina* (1930), 283 U. S. 123, 51 Sup. Ct. 385, 75 L. Ed. 879. While the supreme court of the United States in that case was dealing with the taxable income of a corporation, the right to apply a formula to the income of a corporation would seem to rest upon much firmer premises than the right to apply a formula to the income of an individual whose income is readily apportionable. Applying the provisions of the North Carolina statute to the income of the corporation, it was found that, for the year 1923, 83 plus % of the appellant's income was derived from North Carolina business; for the year 1924, 85 plus %; for 1925, 66 plus %; for 1926, 85 plus %. The North Carolina court, on the ground that the taxpayer was conducting a unitary business, held that it could not be permitted to lop off certain elements of the business constituting a single unit in order to place the income beyond the taxing income of the state. In response to this the supreme court of the United States held:

"Undoubtedly, the enterprise of a corporation which manufactures and sells its manufactured product is ordinarily a unitary business, and all the factors in that enterprise are essential to the realization of profits. The difficulty of making an exact apportionment is apparent and hence, when the state has adopted a method not intrinsically arbi-

trary, it will be sustained until proof is offered of an unreasonable and arbitrary application in particular cases. But the fact that the corporate enterprise is a unitary one, in the sense that the ultimate gain is derived from the entire business, does not mean that for the purpose of taxation the activities which are conducted in different jurisdictions are to be regarded as 'component parts of a single unit' so that the entire net income may be taxed in one state regardless of the extent to which it may be derived from the conduct of the enterprise in another state. . . . When, as in this case, there are different taxing jurisdictions, each competent to lay a tax with respect to what lies within, and is done within, its own borders, and the question is necessarily one of apportionment, evidence may always be received which tends to show that a state has applied a method, which, albeit fair on its face, operates so as to reach profits which are in no just sense attributable to transactions within its jurisdiction.

". . . It is not necessary to review the evidence in detail, or to determine as a matter of fact the precise part of the income which should be regarded as attributable to the business conducted in North Carolina. It is sufficient to say that, in any aspect of the evidence, and upon the assumption made by the state court with respect to the facts shown, the statutory method, as applied to the appellant's business for the years in question operated unreasonably and arbitrarily, in attributing to North Carolina a percentage of income out of all appropriate proportion to the business transacted by the appellant in that state. In this view, the taxes as laid were beyond the state's authority. *Shaffer v. Carter,* 252 U. S. 37, 40 Sup. Ct. 221, 64 L. Ed. 445."

While the plaintiff corporation was organized under the laws of New York, it conducted all of its manufacturing business in the state of North Carolina, and was therefore subject to taxation by that state. While that case did not involve a change of residence during the taxing period by the taxpayer, it did involve the question of whether or not income earned and received by the taxpayer in a foreign jurisdiction could be brought within the state of North Carolina for taxation purposes by the application of a statutory formula. The supreme court of the United States in the *Hans Rees' Sons Case, supra,* reviewed the prior decisions,

distinguished them, and held that the state had no jurisdiction to tax earnings apportionable to other jurisdictions. When that court held that evidence may always be received which tends to show that the method applied operates to reach income which is in no just sense attributable to transactions within the jurisdiction of the state, it held that any formula for determining the amount of income taxable within the state must yield to clearly established facts. From this it follows logically that, where the income may be separated with accuracy and certainty, there is no room for the application of a formula.

Sec. 71.09 (2), under which the Tax Commission claims it has the power to make the assessment, applies the unitary basis of apportioning income. It proceeds upon the theory that what is taxable is annual income wherever earned or received, if the recipient is at the time the tax is levied or was for any part of the taxing period a resident of the state of Wisconsin and the income sought to be taxed follows the residence of the recipient; that the proper method of ascertaining what proportion of income is properly taxable is to take the taxable income for the whole year and tax such part of it as is proportional to the time he lived within the state; if he lived within the state six months, one half of it; if he lived within the state one month, one twelfth of it is taxable.

Sec. 71.09 (2) was considered in *McCarty v. Tax Comm.* (1934) 215 Wis. 645, 255 N. W. 913. The questions raised in this case do not seem to have been raised or considered in that case. That case dealt with the application of the formula to the particular facts and circumstances of that case, and no question seems to have been raised as to the right to apply it; the dispute being rather as to how it should be applied.

The case of *Hans Rees' Sons v. North Carolina, supra,* was not referred to either in briefs of counsel or in the opinion of the court.

We do not hold sec. 71.09 (2) invalid. What is held in this case is that where, as here, that part of the income earned

and received by a taxpayer while a nonresident is readily apportionable with reasonable certainty, there is no room for the application of a formula. No one denies that the income of the taxpayer earned and received while a resident of Illinois is subject to the taxing power of that state, although Illinois has no income tax law. Formulæ may properly be resorted to only where on the facts of the particular case such an apportionment cannot be made. The theory of the state in this case that, having jurisdiction of the taxpayer at the time the tax is levied, it can proceed by the application of formulæ to bring within the taxing power of the state income which was neither earned nor received by a resident of this state, cannot be sustained. While it is true that a resident of the state of Wisconsin is subject to an income tax on income earned outside of the state, the basis of taxation is that it was received by the taxpayer within the state. No part of the income sought to be taxed in this case by an additional assessment was ever earned or received in this state. The state had no jurisdiction to tax the recipient on account of it. *Standard Oil Co. v. Wisconsin Tax Comm.* (1929) 197 Wis. 630, 223 N. W. 85. It is hardly necessary to add that no part of the taxpayer's income earned and received without the state of Wisconsin while a nonresident can be considered either by way of average or otherwise in determining the amount of income taxable in this state.

The following mandate will be entered in each case:

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to the trial court to enter judgment adjudging that the plaintiff is subject to no further or additional income tax for the years in question based upon a consideration of the plaintiff's income earned and received while not a resident of the state of Wisconsin and as indicated in this opinion. No costs to be taxed.

A motion for a rehearing was denied, without costs, on June 2, 1936.