MESSINGER, Respondent, vs. TAX COMMISSION and another, Appellants.

*June 2—June 22, 1936.*

For the appellants there were briefs by the *Attorney General, Herbert H. Naujoks,* assistant attorney general, *Wm. A. Zabel,* district attorney of Milwaukee county, and *C. Stanley Perry,* assistant corporation counsel, and oral argument by *Mr. Naujoks.*

For the respondent there was a brief by *Wood, Warner & Tyrrell* of Milwaukee, and oral argument by *Richard H. Tyrrell.*

FOWLER, J. The respondent was a resident of Wisconsin from January 1st to November 29th in the year 1932. He paid the normal income tax in 1933 on the portion of his 1932 income attributable under the Wisconsin statutes to his Wisconsin residence during that year. In the year 1933 he was not a resident of the state, conducted no business therein, and received no income from property located therein. Ch. 363, Laws of 1933, effective July 9th, provided as follows:

"Sec. 2. *Emergency relief tax on incomes.* (1) To provide revenues for relief purposes there is levied and there shall be assessed, collected, and paid, in addition to all other income taxes, an emergency tax upon the net incomes of all persons other than corporations in the calendar year 1932. . . ."

This tax became due November 1, 1933. The assessor of incomes of Milwaukee county, where Messinger resided in 1932, pursuant to said act, assessed the additional tax on the portion of Messinger's 1932 income that his normal income tax for 1933 was assessed upon. No objection is here made to the apportionment of his income during 1932 upon which his normal tax was based. Objection was made before the assessor of incomes to the assessment of the tax imposed by

ch. 363, Laws of 1933, on the ground that the state was without power to tax him in 1933, because he was not a resident of the state during that year and derived no income during that year from property or business in this state. The income tax board of review confirmed the tax, and the Tax Commission confirmed the board of review. The tax imposed amounted to $3,272.30.

· The appellants base their claim of the validity of the tax upon the proposition that income derived by a resident of the state during a given year is taxable, although assessed during the following year when he has become a nonresident. *Mc-Carty v. Tax Comm.* 215 Wis. 645, 255 N. W. 913.

It seems to us that the language of the statute above quoted compels rejection of this contention. It declares that "there *is levied* . . . an emergency tax upon the net incomes of all persons . . . [received] in the calendar year 1932." The levy of the tax is made by the legislature. It is made upon all "persons." It is made in the year 1933. It is an income tax. The word "persons" in the statute should be given the same meaning that it has in the normal income tax statute. That statute, sec. 71.01, Stats., lays two bases for income tax taxation. One is income of residents within the state, the other is income of nonresidents derived from property situated or business transacted within the state. The general statute evinces no purpose or intent to impose a tax upon income except from property or business transacted within the state upon any but residents of the state. No other purpose or intent should be imputed to the instant statute. The 1932 income is only the measure of the tax levied in 1933 upon residents of the state for relief purposes to be expended subsequent to its collection in November of that year. The act makes no attempt and shows no intent to levy the tax imposed retroactively, that is, to levy it upon persons not residents of the state at the time of the levy, so we need

not consider whether, if such intent were declared or shown, it would be valid as to persons not residents of the state when the statute was enacted. The normal income tax statute, sec. 71.01, Stats., involved in the *McCarty Case, supra,* expressly makes the tax applicable to residents of the state removing therefrom during the year in which the income taxed is derived. We assume that, had the legislature intended the instant act to apply to persons so removing, it would have so indicated, as it does in the normal income tax statute.

*By the Court.*—The judgment of the circuit court is affirmed.