SCOBIE, Appellant, vs. TAX COMMISSION, Respondent.

*September 13—October 12, 1937.*

For the appellant there was a brief by *Jeffris, Mouat, Oestreich, Wood & Cunningham,* and oral argument by *Hiram M. Nowlan,* all of Janesville.

For the respondent there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

FOWLER, J.   The case is an appeal by a taxpayer, who removed from the state during the year 1931, from a judgment of the circuit court for Rock county confirming an assessment against her by the State Tax Commission of a normal income tax, a surtax, and a special emergency tax under ch. 29, Laws of Sp. Sess. 1931–32.

The taxpayer in her return for the year involved reported her "net profits from sale of Wisconsin real estate, of securities and personal property at $1,086.79," but claimed exemptions of federal and state income taxes paid to a total of $30,190.22, and thus claimed no taxable income under the general statutes.   She submitted a statement by letter separate from the formal return showing a net income for the year of $67,278.08, all from stocks and bonds, except the $1,086.79. After audit by an auditor of the Tax Commission, the assessor of incomes imposed upon the taxpayer a normal income tax of $1,801.80; a teachers' retirement surtax of $330.30; and an emergency relief tax of $2,248.34.   On appeal by the taxpayer to the board of review, the board imposed the normal tax and the teachers' retirement surtax, but held that the emergency relief tax was erroneously imposed.   On appeals by both taxpayer and the assessor of incomes to the Tax Commission, the commission reversed the decision of the board of review as to the emergency tax and upheld the taxes as imposed by the assessor of incomes, but modified the computation of the normal and teachers' surtaxes by adopting the method of computation according to *McCarty v. Tax Comm.* 215 Wis. 645, 255 N. W. 913, instead of as made by the assessor.   The appellant raises no issue as to the amount of the taxes.   No income from real estate located or business transacted within the state is involved.   The sole question is

whether the taxpayer, under the circumstances of her removal from the state before the taxes were assessed, was subject to their imposition.

The normal income tax statutes under which the taxpayer was assessed are sec. 71.01, Stats. 1931, which by its terms assesses the net income of persons resident of the state throughout the year and the income of nonresidents derived from property located and business transacted within the state, except as exempted, and sec. 71.09 (2), Stats., which provides for assessment upon income other than that from property located or business transacted within the state of persons other than corporations who reside within the state for a portion of the year only at such ratio of their income as the time of their residence bears to the entire year. Deductions for personal exemptions of such persons are prorated in the same ratio.

We will first consider the taxpayer's contentions relative to the normal income tax and the surtax. That contention is that the imposition of the normal and surtax upon her income was invalid because the only warrant for taxing a nonresident upon income, and she was a nonresident when the tax was assessed, is that the income be derived from property or business transacted within the state.

The argument of appellant is, except as to the class of income last stated, that persons who remove from the state during the year are not within the state when the tax is assessed; that the tax is an annual personal tax, as held in *Fitch v. Tax Comm.* 201 Wis. 383, 230 N. W. 37; that it cannot be assessed until the income from the year has been determined, and it cannot be determined until the year is ended; that the only basis for assessing a personal tax is jurisdiction of the person at the time it is assessed, and if the recipient of the income is a nonresident of the state when the tax is assessed, as was appellant, the state has no jurisdiction

over him and is without power to impose a personal tax against him.

The argument fails because it would apply equally to the taxing of nonresidents upon income from business transacted within the state. That such income is taxable is conceded. Such tax is also a personal tax, and the taxpayer is out of the state when it is assessed. The receipt of income while a person is a resident of the state is of equal force as a basis of taxing that income, although he is a nonresident at the time of its assessment, as the receipt of income from business transacted within the state by one who was a nonresident throughout the year. It is stated in *Greene v. Tax Comm.* 221 Wis. 531, 539, 266 N. W. 270, that the basis for taxation of a resident on income received from business transacted outside the state "is that it was received by the taxpayer within the state." If receipt of income within the state is a proper basis for taxation in the one situation, it is in the other.

This establishes the validity of the normal income tax and the surtax for the teachers' retirement fund. While it sufficiently disposes of the constitutionality of those taxes, the contentions of the parties on the proposition that the constitutionality of such taxes has been expressly declared by the court will be discussed.

The respondent claims that the constitutionality of the statutes for taxing the income of persons who were residents within the state for a part of the year is settled by *McCarty v. Tax Comm., supra.* It is true that taxpayer McCarty, like appellant, removed from the state during the year, and a tax against him upon income received while within the state was upheld. The appellant counters that the constitutionality of the tax was not there raised or considered. This is correct, and what was not considered was not decided. It was only assumed.

However, the constitutionality of the taxes was inferentially upheld in *Greene v. Tax Comm., supra,* although the taxpayer there involved moved into the state instead of out of it, and was a resident of the state when the tax was assessed. The appellant contends that a tax on income received within the state assessed when one is a resident may be valid while such a tax assessed when one is a nonresident is invalid for want of jurisdiction of the person in the latter case. But it was held in the *Greene Case, supra,* that while a tax could not be constitutionally assessed on income such as is here involved, received while the recipient was a nonresident, it could be constitutionally assessed on the portion of such income received while he was a resident of the state. This holding, together with the statement of the opinion that receipt of income within the state is the basis for holding valid taxation of the income of a resident of the state, implies that a tax assessed against a nonresident upon such income is constitutional. There being a constitutional basis for taxing his income, it is immaterial that the taxpayer is a nonresident when the tax is assessed, just as it is immaterial that a person is a nonresident when his income from business transacted within the state is taxed.

The assessment of the emergency tax upon the appellant raises another question. Sub. (1), sec. 4, ch. 29, Laws of Sp. Sess. 1931–32, levied "in addition to all other income taxes, an emergency tax upon the net incomes of all persons other than corporations" in 1931, at the rate specified in sec. 71.06 (1) of the general income tax law. Sub. (2) provided that the tax should be "assessed, collected and paid in the same manner, upon the same income" as provided by the general income tax law, with certain variations not here material. Sub. (3) provided that "the exemptions specified" in sec. 71.05 of the general income tax law should apply except as in the section stated.

Ch. 29 was enacted by the legislature after the appellant had left the state. It applied to taxes to be assessed in the future, and the tax was to be applied for relief of the unemployed during the year 1932 when the appellant was no longer a resident of the state. The appellant contends that the state is without power to impose such a tax, and urges that *Messinger v. Tax Comm.* 222 Wis. 156, 267 N. W. 535, rules the point in her favor.

The facts as to the residence of the taxpayer are the same in the instant case as in the *Messinger Case.* The taxes involved in the two cases are emergency relief taxes. Both were to be assessed in the future for purposes of relief to unemployed during the year next following the enactment when the taxpayers were not residents of the state.

It is said in the opinion in the *Messinger Case,* page 158: "It [the act involved] declares that 'there is levied . . . an emergency tax upon the net incomes of all persons . . . [received] in the calendar year 1932.' . . . It is made upon all 'persons.' It is made in the year 1933. It is an income tax." The tax was declared void as to persons who were nonresidents at the time it was enacted.

If the decision of the *Messinger Case, supra,* had been based upon the statement from the *Messinger Case* above quoted, the appellant's proposition that it rules this case would be correct. But the decision turned upon the point that there was nothing in the statute involved to indicate an intent, and it was not its intent, to impose such a tax upon persons who were no longer residents of the state. It is said in the opinion that: "The act makes no attempt and shows no intent . . . to levy it [the tax] upon persons not residents of the state at the time of the levy [when the act was passed], so we need not consider whether, if such intent were declared or shown, it would be valid as to persons not residents of the state when the statute was enacted." It was not decided that if the act

involved had attempted and had shown an intention to apply the tax to persons who had removed from the state during the year it would have been unconstitutional.

The act involved in the *Messinger Case, supra,* was ch. 363, Laws of 1933. Comparing ch. 363 with the instant ch. 29, we find that the language of the sections imposing the tax is identical. The only provision of ch. 29 that is not contained in ch. 363 that we can discover that has any bearing on the point under consideration is contained in sub. (3) of section 4, which reads as follows:

"The exemptions specified in section 71.05 shall apply to the emergency income taxes herein imposed (except that exemption for each dependent child shall be six dollars), *as shall all other provisions of law governing normal income taxes,* except as otherwise expressly provided in this section. Section 71.26 relating to the teachers' retirement surtax shall not apply."

The italicized clause of the language next above quoted, "as shall all other provisions of law governing normal income taxes," is not found in ch. 363. It makes sec. 71.09 (2) of the general income tax law applicable to ch. 29. One of the provisions of sub. (2) of sec. 71.09, Stats., imposes on a person who moves into or out of the state during the year such ratio of his income for the year as the time of his residence within the state bears to the whole year. It may be that the italicized provision might be considered as applicable to exemptions only if there were in the general income tax law provisions concerning exemptions other than those contained in sec. 71.05, Stats., but we are unable to discover any other exemption provisions in that law. To give the italicized clause any effect at all we must hold that it covers all provisions of the general income tax law. Thus ch. 29 shows an intent to make sec. 71.09 (2) apply to the emergency tax. We must, therefore, now determine whether the tax imposed by the chapter can be imposed on a person who has moved

out of the state and is a nonresident thereof when the act was passed.

As stated above in considering the normal income tax imposed on appellant, the fact that one is a nonresident of the state when the normal income tax is assessed does not invalidate that tax. It no more invalidates the emergency tax assessed against the nonresident than the tax on income received from business transacted within the state. Receipt of income within the state is as valid a basis for assessment of the emergency tax against a nonresident as for assessment of the normal tax.

It is claimed that nonresidence of the appellant when ch. 29 was passed renders it invalid as to her because the state has no jurisdiction to impose by legislative act a tax on a nonresident. But nonresidence, when an act imposing a tax is passed, is no more potent to void a tax upon her income than nonresidence when a tax is assessed. If a tax may be assessed on a nonresident on income received while she was a resident of the state, it may be imposed by the legislature on her such income after she has become a nonresident. Nonresidence is no more fatal to jurisdiction to tax in the one case than in the other.

It is urged that the act imposing the tax is unconstitutional because it was retroactive. But its retroactive feature does not invalidate it as to nonresidents any more than the retroactive feature of the act imposing the emergency tax involved in *Welch v. Henry,* 223 Wis. 319, 271 N. W. 68, did not invalidate that act as to residents. The same reasons for upholding the retroactive features of the instant act apply as were given for upholding the retroactive feature of the other. If an act may reach back two years, as in the *Welch Case, supra,* it may reach back one year in the instant case.

It is urged that the emergency tax assessed against the appellant is void because it was imposed for the support of

the unemployed during a year when she was not a resident of the state. But every income tax is imposed on the income of a previous year to pay the expenses of government for the ensuing year. Expense for relief of the unemployed is on no different footing than any other governmental expense. Every normal income tax imposed on a nonresident on income from business transacted within the state is imposed for support of the government of the state during a year in which the taxpayer is not a resident. If a normal tax so imposed is valid, so is the instant tax, if, as we have held, receipt by a nonresident of income received while he was a resident of the state, is as proper a basis for taxing that income as is receipt by a nonresident of income from business transacted within the state.

Objection is made that the tax is void because the legislature cannot impose a prospective tax upon nonresidents. We perceive no distinction between nonresidents and residents in this respect. If the legislature could impose the emergency tax of 1933 upon residents during 1934, it could impose the instant tax upon residents during 1932, and if it could impose such tax upon the taxable income of residents during 1931, it could impose it upon taxable income of nonresidents during 1931. The nonresidence of the instant taxpayer when the instant act was passed is no more fatal to the instant tax than was nonresidence when the original income tax law was enacted fatal to the taxation of income of nonresidents from business transacted within the state. The retroactive feature of the instant act being valid, as held in the *Welch Case, supra,* that the income of the previous year is taxed instead of the year in which the act was passed is immaterial. There is done under the instant act precisely what was done under the original act. An act of the legislature during one year imposed a tax to be assessed in the following year for the support of the government during that year against nonresidents upon income of theirs which was taxable, in the one case because received while the nonresident was a resident of the

state, and in the other because received from business transacted within the state. See ch. 658, Laws of 1911, secs. 1 and 3. It has never been contended, so far as we know, that the taxation of nonresidents during the year 1912 under the 1911 act upon their income derived from business transacted within the state was void for this or any other reason.

It is urged by appellant that the holdings of this court in *State ex rel. Manitowoc Gas Co. v. Tax Comm.* 161 Wis. 111, 152 N. W. 848, and *Newport Co. v. Tax Comm.* 219 Wis. 293, 261 N. W. 884, require holding the instant tax unconstitutional. The taxes there involved were imposed on the income received by nonresidents in the state of their residence from stocks and bonds whose situs follows the residence of the owner. They did not involve income from such securities received by the nonresident while a resident of the state. The argument falls from the fact that receipt of income while one is a resident of the state is a proper basis for taxation of that income. This is really the only fact needful to consider in order to validate the instant taxes, whether normal, surtax, or emergency. The argument falls because it would apply with equal reason to taxes on income of nonresidents from business transacted within the state which is admittedly taxable, although it is a personal tax, and the state has no jurisdiction of the person of the nonresident when it is imposed.

The respondent urges that the taxes assessed against the appellant were not computed on the basis laid down by the court in the *Greene Case, supra,* which had not been decided when the computation was made, and the case should be remanded for computation of the tax on the correct basis. In the *Greene Case* the evidence showed what income the taxpayer received while a resident of the state and what she received while a nonresident. The tax had been computed *pro rata* according to sec. 71.09 (2), Stats. The court held that the tax must be limited to the income actually received while the taxpayer was a resident of the state, and the part received while she was without the state could not be included

in computing the tax and the ratio taken of the income for the entire year as prescribed by the statute. But while this ratio may not be used when the amount of income actually received while the taxpayer is a resident of the state appears, the statute may be taken as creating a presumption that the income received while a resident of the state was as therein prescribed. As there was here no evidence of the actual allocation of the taxpayer's income for the year, it will be presumed to have been allocated according to the statute. As first above stated, the taxpayer assigns no error in the computation of the tax. There is no motion to review by the respondent. In this situation the tax will be taken as fixed by the record made, and the taxes confirmed as computed by the Tax Commission.

*By the Court.*—The judgment of the circuit court is affirmed.

FAIRCHILD, J. (*dissenting*). An income tax is not a tax on property, but one against the recipient of the income. *Norris v. Tax Comm.* 205 Wis. 626, 237 N. W. 113, 238 N. W. 415.

This proceeding, under the statutory construction advocated by the Tax Commission, is an effort by Wisconsin to exercise political jurisdiction over one who is not a citizen of this state. The propriety of taxing income received while recipient is in the state is based on the fact that he is enjoying the protection of its government at the time of receiving the income. *Fitch v. Tax Comm.* 201 Wis. 383, 230 N. W. 37; *McCarty v. Tax Comm.* 215 Wis. 645, 255 N. W. 913; 1 Cooley, Taxation (3d ed.), p. 1. This prompts the question: Is it possible for a state, under our constitutions, federal and state, by retrospective legislation to assess and levy for use in 1933 a tax on income received in 1931, the recipient having left the state in 1931? Is not the individual under such circumstances a foreigner to the political sovereignty of the state?

Since the tax here sought to be imposed is upon the basis of appellant's entire income, it is not supportable under the power of a state to tax a nonresident with respect to income derived from property or business transacted within the state. In the facts before us there plainly appears a case of taxation without representation. There is here, by reason of that fact, retroactive legislation in still more offending manner than was present in *Welch v. Henry,* 223 Wis. 319, 271 N. W. 68. If we assume, as we are bound to in the absence of an overruling by court decision or legislative act changing the rule of that case, that the law as to retroactive imposition of taxes is settled, still, as noted, the nonresidence of the taxpayer must be given consideration.

It seems to me the relief sought by appellant should be granted. Sub. (1), sec. 4, ch. 29, Laws of Sp. Sess. 1931–32, reads in part:

"(1) To provide revenues in the year 1932 to meet the appropriations for relief purposes made in section 1 of this act, there is levied and there shall be assessed, collected, and paid, in addition to all other income taxes, an emergency tax upon the net incomes of all persons other than corporations in the calendar year 1931 or corresponding fiscal year computed at the rates specified in subsection (1) of section 71.06."

This law was passed in February, 1932, several months after the relation of the plaintiff as a taxpayer in this state had ended. The reasons urged in the dissenting opinions in the *Welch Case* properly may be the basis of objection to the ruling here which results in the imposition of a tax under a retroactive tax law upon one who was not subject to the political jurisdiction of Wisconsin, either as a citizen or as one doing business or owning property here when the law was proposed or passed or during any period of its enforcement.

I am authorized to state that Mr. Justice NELSON concurs in this opinion.