RAHR (CLARA), Appellant, vs. SMITH, State Treasurer, Respondent.

*September 14—October 12, 1943.*

The cause was submitted for the appellant on the briefs of *Nash & Nash* of Manitowoc, and for the respondent on the brief of the *Attorney General* and *Harold H. Persons,* assistant attorney general.

WICKHEM, J.    The facts are not in dispute.    Plaintiff was a resident of Manitowoc in the state of Wisconsin prior to December 31, 1933.    On that date she became a resident of California and continued thereafter to reside in California. Pursuant to provisions of sec. 6, ch. 15, Laws of Wisconsin, 1935, effective March 27, 1935, an emergency relief tax of $1,078.10 was assessed against plaintiff on her net income for 1933, and notice of the assessment of this tax was duly sent to and reached plaintiff on July 1, 1935.    Plaintiff objected to the assessment of the tax on the ground that if valid as to residents of Wisconsin it could not be lawfully collected from plaintiff because she was a nonresident of the state.    On December 19, 1935, however, plaintiff paid under protest the amount of the tax with interest and penalties.

This action was brought to recover the amount so paid, and the taxpayer asserts in the alternative that the legislative intent was not to tax persons who were nonresident at the time of enactment, and that if such was the intent, it is unconstitutional.

Sec. 6, ch. 15, Laws of 1935, is entitled "Emergency Relief Tax on Certain 1933 Dividends." It levies an emergency tax on the net dividend income of all persons in the calendar year 1933.

Par. 4, sub. (3) (c), sec. 6, provides:

". . . Except as provided in this section, said tax shall be assessed, collected and paid in the same manner, *and in so far as applicable subject to the same regulations as are provided for the assessment, collection and payment of the normal 1934 income tax;* provided that sections 71.12 and 71.14 shall not apply. . . ."

It is contended that the provision quoted from ch. 15 is indistinguishable from corresponding provisions in ch. 363, Laws of 1933, which was construed in *Messinger v. Tax Comm.* 222 Wis. 156, 267 N. W. 535, as not intended to operate retroactively. On the other hand, the provisions of ch. 15 are claimed to be distinguishable from the portion of ch. 29, Laws of Sp. Sess. 1931–32, which was construed in *Scobie v. Tax Comm.* 225 Wis. 529, 275 N. W. 531, to be retroactive in operation.

The trial court was of the view that the *Scobie* and *Messinger Cases, supra,* are indistinguishable and incompatible and that the *Scobie Case* must be considered to have overruled the *Messinger Case.* Appellant claims that this is error, since the opinion in the *Scobie Case* purports to distinguish the two cases.

Sec. 2, ch. 363, Laws of 1933, imposed an emergency tax "upon the net incomes of all persons other than corporations in the calendar year 1932, . . ." and provided in sub. (2):

"The emergency tax on incomes levied in this section shall be assessed, collected, and paid in the same manner, upon the same income, *subject to the same regulations, and at the same time as is provided by law for the assessment, collection and payment of the normal income tax on persons other than corporations. . . .*"

In the *Messinger Case, supra,* this court stated that the language of the section repels the conclusion that it was intended to apply to those who were residents during the calendar year of 1932 but nonresidents when the emergency tax was passed in 1933. The argument is that the act purports to *levy* upon *persons.* "It is made in the year 1933. It is an income tax. The word 'persons' in the statute should be given the same meaning that it has in the normal income tax statute. . . . The general statute evinces no purpose or intent to impose a tax upon income except from property or business transacted within the state upon any but residents of the state. No other purpose or intent should be imputed to the instant statute. . . . The act makes no attempt and shows no intent to levy the tax imposed retroactively." (p. 158.)

In the *Scobie Case, supra,* sec. 4, ch. 29, Laws of Sp. Sess. 1931–32, entitled "Emergency Income Tax," provided:

"(1) . . . There is levied and there shall be assessed, collected, and paid, in addition to all other income taxes, an emergency tax upon the net incomes of all persons other than corporations in the calendar year 1931. . . .

"(2) The emergency tax on incomes levied in this section shall be assessed, collected and paid in the same manner, upon the same income, and at the same time as provided by law for the assessment, collection and payment of the normal income tax on persons other than corporations. . . .

"(3) The exemptions specified in section 71.05 shall apply to the emergency income taxes herein imposed, . . . *as shall all other provisions of law governing normal income taxes, except as otherwise expressly provided in this section. . . .*"

This case also involved a taxpayer who removed from the state during 1931. This court considered that the italicized portions of sub. 3, ch. 29, Laws of Sp. Sess. 1931–32, distinguishing ch. 29 from the act involved in the *Messinger Case, supra,* because it put into operation sec. 71.09 (2), Stats., which imposes on a person who moves into or out of the state during the year such ratio of his income for the year as the time of his residence within the state bears to the whole year.

We are of the opinion that the statutes involved in the *Messinger* and *Scobie Cases, supra,* are indistinguishable, and that we were in error in the holding in the *Messinger Case* and in the basis of distinction set forth in the *Scobie Case.* Sub. (2), sec. 2, ch. 363, Laws of 1933, involved in the *Messinger Case* makes the emergency tax levied "subject to the same regulations . . . as is provided by law for the assessment, collection and payment of the normal income tax on persons other than corporations. . . ."

Sec. 4, ch. 29, Laws of Sp. Sess. 1931–32, omits in sub. (2) the phrase just quoted from the 1933 law, but adds what amounts to the same thing in sub. (3) of sec. 4. In other words, sub. (2) of sec. 4 of ch. 29 simply provides that the emergency tax shall "be assessed, collected and paid in the same manner, upon the same income, and at the same time as provided by law for the assessment, collection and payment of the normal income tax on persons other than corporations," thus omitting the phrase "subject to the same regulations." It provided, however, in sub. (3) that not only the exemptions specified in sec. 71.05 shall apply but all other provisions of law governing normal income taxes, except as otherwise expressly provided in the section. This provision was held in the *Scobie Case, supra,* effectively to indicate a purpose to apply the tax retroactively. It has the same import as the phrase "subject to the same regulations" contained in sub. (2) of sec. 2 of ch. 363, Laws of 1933, and sub. (4) of sec. 6

of ch. 15, Laws of 1935, involved in the instant case. The identical effect of these provisions was overlooked in the *Messinger Case, supra,* and in the distinction sought to be made between the two cases in *Scobie v. Tax Comm., supra.* It is our conclusion that the three acts are all subject to the same regulations provided by law for the assessment, collection, and payment of normal income taxes, and that this brings into force and effect sec. 71.09 (2), Stats., specifically dealing with the case of a person who moves into or out of the state during the tax year. Putting this section into operation operates not merely as a limitation upon the amount of a tax as applied to such persons but plainly indicates a legislative intent to apply the tax to persons in residence during all or a part of the year during which the taxable income sought to be reached was received.

. It is argued that so construed the tax is unconstitutional. It is considered that these contentions have been settled adversely to appellant by *Welch v. Henry,* 223 Wis. 319, 271 N. W. 68, 277 N. W. 183; 58 Sup. Ct. 765; 305 U. S. 134, 59 Sup. Ct. 121, 83 L. Ed. 87; 305 U. S. 675, 59 Sup. Ct. 250, 83 L. Ed. 437; and *Scobie v. Tax Comm., supra.* We see no point in reopening the discussion.

*By the Court.*—Judgment affirmed.