Wisconsin DEPARTMENT OF REVENUE, Petitioner-Appellant,

v.

Romain A. HOWICK, Respondent.†

Court of Appeals

*No. 79–105. Argued November 29, 1979.—Decided January 10, 1980.*

(Also reported in 289 N.W.2d 336.)

---

† Petition to review granted.

For the appellant, a brief was submitted by *Bronson C. La Follette,* attorney general and *Allan P. Hubbard,* assistant attorney general, with oral argument by *John Glinski,* assistant attorney general.

For the respondent, a brief was submitted by *Romain A. Howick,* Pro Se, of Hartland, with oral argument by *Romain A. Howick.*

Before Voss, P.J., Brown and Bode, JJ.

VOSS, P.J.   This appeal is from the order of the trial court which dismissed the Wisconsin Department of Revenue's petition for a judgment to set aside a decision and order of the Wisconsin Tax Appeals Commission. This case involves the proper treatment of capital gains

and losses for Wisconsin individual income tax purposes when a Wisconsin resident sells stock which was acquired prior to moving to Wisconsin. We believe the trial court properly dismissed the petition, and we affirm the trial court order.

Romain A. Howick moved to Wisconsin on June 20, 1970. In 1970, after moving to Wisconsin, Howick sold stock he owned in twelve different companies. The selling price totaled $46,392.60, the federal cost basis was $56,436.42, and the federal loss amounted to $10,043.82. During 1973, Howick sold other stock he had purchased prior to moving to Wisconsin. The selling price totaled $8,441.83, the federal cost basis was $13,317.40, and the federal loss amounted to $4,875.57.

In reference to the Wisconsin individual income tax, the Department of Revenue assessed additional income taxes for the years 1970 through 1973. The Department recognized gain or loss in the following manner:

(1) If the selling price after moving to Wisconsin was less than the original cost of the stock when purchased out of state and its fair market value on June 20, 1970, the date the taxpayer first moved to Wisconsin, the loss recognized was the difference between the selling price and the lesser of either the original cost or its fair market value.

(2) If the selling price after moving to Wisconsin was greater than the original cost of the stock when purchased out of state and its fair market value on June 20, 1970, the date the taxpayer first moved to Wisconsin, the gain recognized was the difference between the selling price and the greater of either the original cost or its fair market value.

(3) If the selling price after moving to Wisconsin was either greater than the original cost of the stock prior to moving to Wisconsin and less than its fair market value on June 20, 1970, or less than that cost and greater than

that fair market value, then no gain or loss is recognized.

The adjustments made by the Department of Revenue resulted in the disallowance of $1,000 of losses claimed by Howick in 1970, 1971 and 1972 and the disallowance of a $516.10 loss claimed in 1973. These disallowances resulted in the recognition of additional income. Howick's application for abatement of the assessment of additional income taxes was denied, and he appealed to the Wisconsin Tax Appeals Commission.

The Commission held that it was clear that Howick suffered a substantial economic loss on the sale of stock after he moved to Wisconsin. By the Department of Revenue's substitution of the fair market value of Howick's stock at the time he moved to Wisconsin for its actual cost basis, the Department changes an actual loss to an artificial gain upon which it can impose a tax. The Commission found no statutory or case support that authorizes such a transformation; therefore, the Commission rejected it. The Commission ordered that the Department's action on Howick's application for abatement be modified to conform with the Commission's findings.

The circuit court dismissed the petition of the Wisconsin Department of Revenue that judgment be entered to set aside the order of the Wisconsin Tax Appeals Commission. We believe the circuit court properly dismissed the petition of the Department.

While due deference must be accorded an agency's application of the law when the agency has particular expertise in the area, this deference is not required when this court is as competent as the agency to decide the question involved. *Wisconsin Dept. of Revenue v. Milwaukee Refining Corporation*, 80 Wis.2d 44, 48, 257 N.W.2d 855, 857–58 (1977). When the material facts are not disputed, and only matters of law are in issue, we may review the record *ab initio* and substitute our

judgment for that of the Wisconsin Tax Appeals Commission. *Milwaukee Refining Corporation, supra; H. Samuels Company, Inc. v. Wisconsin Dept. of Revenue,* 70 Wis.2d 1076, 1083–84, 236 N.W.2d 250, 254 (1975). In the present case, the material facts are not disputed and only matters of law are in issue; therefore, this court may review the record *ab initio.*

On appeal, the Department of Revenue argues its position is based upon the reasoning of the Wisconsin Supreme Court as set forth in *Falk v. Wisconsin Tax Comm.,* 201 Wis. 292, 230 N.W. 64 (1930).[1] Additionally, the Department argues the method of computing gains and losses has been consistently followed by the state taxing authority since 1932.

In the *Falk* case, the Wisconsin Supreme Court considered the valuation of certain stock of a Wisconsin resident acquired prior to January 1, 1911 and sold in 1924. The court considered sec. 71.02(2)(d), Stats., which declared subject to an income tax:

All profits derived from the transaction of business or from the sale of real estate or other capital assets; provided, that for the purpose of ascertaining the gain or loss resulting from the sale or other disposition of property, real or personal, acquired prior to January 1, 1911, the fair market value of such property as of January 1, 1911, shall be the basis for determining the amount of such gain or loss; . . . .

The court acknowledged the effective date of the income tax law was January 1, 1911. In essence, the court stated that to ascertain the gain or loss resulting from the sale

[1] The Department cites *Appeal of Siesel,* 217 Wis. 661, 259 N.W. 839 (1935), for further support. This case considered a gift situation; the court held that the donee of a gift of stock could use the value at the time of the gift, rather than the cost to the donor, as the basis. We do not believe the present situation is comparable to the gift situation; therefore, we conclude *Siesel* does not provide support for the Department's position.

of stock acquired prior to January 1, 1911, the fair market value of the stock as of January 1, 1911 would serve as the basis. Whether or not the taxpayer was a Wisconsin resident on the date the stock was acquired was not discussed by the court.

In *Falk,* the controlling factor with respect to valuation was the date of acquisition of the property. Neither the case nor the relevant statute refer to the time that Wisconsin tax law would first have jurisdiction of the taxpayer's transactions. It is the opinion of this court that the *Falk* decision fails to provide support for the position adopted by the Department. The application of the Department's method could result in vast differences of tax liability upon Wisconsin taxpayer transactions identical in all respects except that one taxpayer was a nonresident at the time the property was acquired. The court in *Falk* did not discuss this issue, and there is nothing in the *Falk* decision to justify the Department's position.[2]

In addition to the Department's misplaced reliance upon the *Falk* decision, this court believes the Department's position violates basic tax principles and Wisconsin case law. In *Falk v. Wisconsin Tax Comm., supra,* at 295, 230 N.W. at 65, the court stated the following:

---

[2] This is essentially the same conclusion reached by the trial court as indicated by the following statement:

It is obvious that the application of the Department's theory could result in tremendous difference of tax liability upon identical Wisconsin taxpayer transactions if everything else were identical except that one was a nonresident of the state at the time of acquisition of the property sold. In some instances it could be favorable to the lifelong state resident, and in other instances the former nonresident taxpayer would be receiving special treatment. There is nothing in the *Falk* decision making any attempt to go beyond the plain wording of the statute before the Court at that time and it is not supportive authority for the position of the Department of Revenue.

Income or gain arises only when the property is sold at a profit. As long as it is held by the owner it simply represents the owner's capital invested in it, whatever its fluctuating value may be. An income . . . can arise in no other way than by a sale of the property at an advance over the amount paid therefor. . . .

In order for property to give rise to income, there must be a sale in excess of its cost. *Falk, supra,* at 294, 230 N.W. at 64. The method advocated by the Department violates these principles. The Department attempts to consider the fluctuating value of the stock in its computations of income and loss.

According to the Department, the computation of gain or loss must consider the market value of the property on the day the taxpayer moved to Wisconsin as well as the original cost. If the taxpayer sells for less than the purchase price and fair market value, the loss is computed by subtracting the selling price from the lesser of either the original cost or its fair market value. For example, assume the taxpayer purchased stock for $15,000, the stock's fair market value upon the taxpayer's move to Wisconsin was $12,000, and the taxpayer later sells the stock for $10,000. Instead of allowing a loss of $5,000 ($15,000 — $10,000), the Department would compute a loss of $2,000 ($12,000 — $10,000). In effect, the Department considers as a relevant factor the fluctuation in value before the taxpayer moved to Wisconsin. According to the Department, gain or loss must be measured by the value of the stock at the time the State of Wisconsin acquires jurisdiction over the property or person.

However, the basis of taxation is that the income is received by the taxpayer within the state. *See Greene v. Tax Commission,* 221 Wis. 531, 266 N.W. 270 (1936).

Similarly, the taxation of gain or loss in this instance is that it is received within Wisconsin. An economic gain or loss must be realized before it can be taxed. *Wisconsin Dept. of Taxation v. Siegman,* 24 Wis.2d 92, 97, 128 N.W.2d 658, 661 (1964). It is realized upon the sale of the property.

"[G]ains on the disposition of property are taxable on the theory that all accretions in value are income in the year of realization regardless of when they accrued. . . ."[3] Thus, income which accrued before a taxpayer becomes a resident of Wisconsin but which is realized after the taxpayer becomes a resident is taxable. The method of computation attempted by the Department of Revenue is contrary to these basic tax principles.

The Tax Commission and trial court found that the Department's assessment creates an artificial gain where a loss was actually incurred. While taxing authorities can establish rules which adjust the cost of stock to be used in determining the profit or loss on the sale thereof, the rules must be a reasonable administrative measure which does not tax as income that which is not income. *Long v. Kelley,* 208 Wis. 668, 675, 242 N.W. 562, 564–65 (1932). The method must not result in a fictitious cost or a fictitious gain or loss. *See Long v. Kelley, supra.*

In view of the reasons stated, this court affirms the order of the trial court. We do not believe the Department has followed this taxing procedure since 1932. Furthermore, an administrative interpretation will be taken into account only to the extent that it is supported by valid reasons. This court believes the Department has failed to demonstrate any valid reasons for its method of

---

[3] 71 Am. Jur.2d *State and Local Taxation* §557 (1973).

computation. While the Department of Revenue can establish reasonable regulations and rules, it cannot create artificial gains or losses.

*By the Court.*—Order affirmed.